DUNCAN vs. BATEMAN.

A man who sells lumber for building a house is not entitled to the lien provided for in the statute (*Gould's Dig.*, ch. 112, sec. 1;) though it is the privilege of a mechanic or builder to include in his lien the price for materials furnished.

*Error to Jefferson Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GALLAGHER, for the plaintiff.

GARLAND & RANDOLPH and YELL, contra.

Mr. Justice FAIRCHILD delivered the opinion of the court.

"All artisans, builders and mechanics of every description, who shall perform any work and labor on any building, edifice, or tenement, . . . shall have an absolute lien on such building, edifice, or tenement, for such work and labor, as well as

for materials furnished by them, in and about such work and labor," *Gould's Dig., ch.* 112, *sec.* 1.

The question is presented whether a man who sells lumber for building a house is entitled to the lien provided for in the foregoing statute.

A lumber man is not an artisan, a builder, or a mechanic, and to no other does the statute extend a lien upon a building. That a mechanic or builder may include in his lien the price for materials furnished for the building is his privilege, but that is no reason why one who furnishes materials without doing any work should have a lien. A man who sells lumber for a house has no lien upon it any more than a merchant who sells nails to be used in the building, and neither has a lien, because the statute does not give it to him; while the builder or mechanic has a lien for the same, or any other articles he may furnish for his labor performed upon the house, because the statute does give him such lien. We apply such law as exists, and cannot extend a statute restricted in terms to a particular class of persons, to a man not in that class.

The Circuit Court gave an opposite construction to the statute allowing to Bateman the benefit of the lien, and therefore its judgment must be reversed.

A remark upon this statute, in *Brown vs. Sullivan,* 5 *Ark.* 220, if considered without a reference to the statute, might induce the belief that the lien would operate for those who furnish materials for building under contract with the owner of the ground, but that was not the point under consideration, and if it had been decided so as to include Bateman's account, the decision would have been wrong.

Other questions are made upon pleadings by Duncan, but it is useless to notice them, for the matter decided was raised and settled on the trial of the case, in such a way as to require our review of Bateman's action. And it being held that Bateman had no lien under the statute, other errors that may have been committed against Duncan need not be noticed. *Hicks vs. Branton,* 21 *Ark.* 192.