PITTS & COOK, plaintiffs in error, vs. BENJAMIN F. BOMAR, administrator of FANNIE DAVIS, deceased, defendant in error.

1. The Acts giving to masons and carpenters a lien for their work, and for materials furnished by them for building and repairing houses, do not extend to the owners of mills, who furnish lumber. To entitle themselves to the benefit of the statutes, they must be actually masons or carpenters, and must have contracted in that character or capacity.

Action of Assumpsit. In Fulton Superior Court. Decided by Judge BULL. At April Term, 1861.

This was an action instituted by Pitts & Cook, proprietors of a planing mill, against Benjamin F. Bomar, as the administrator of Fannie Davis, deceased, to recover the sum of $230 17, the proven value of certain dressed and undressed lumber sold and delivered by them to defendant's intestate, in her lifetime, and used in building a house on a lot where she then lived. The bill of lumber furnished consisted of ceiling, flooring, sleepers, sheeting, weatherboarding, scantling, fencing, etc. The plaintiffs were owners and proprietors of a planing mill, in the city of Atlanta, and engaged in the business of furnishing building materials, dressed and undressed lumber, sash, blinds, doors and frames, fire-boards, etc. On the 23d of August, 1859, the plaintiffs filed and had recorded a carpenter's lien on the house and premises on which the lumber was used, and on the trial of the case, after proving the correctness of their account, they offered said lien in evidence, which was admitted by the Court. The presiding Judge charged the jury, " that the plaintiffs were not carpenters and contractors for the building of the house, and had nothing to do with the erection or repair of the house, but merely furnished materials that were used in the house; that they were no more entitled to a lien on the building, than the merchant who furnished the locks and hinges, the paints and oils, and were not carpenters in contemplation of the law granting liens to carpenters for work done and materials furnished for building purposes, and that the plaintiffs were

Pitts & Cook *vs.* Bomar, adm'r.

entitled only to a judgment for the amount of their account, and were not entitled to a carpenter's lien."

The jury rendered a verdict in accordance with the charge of the Court, and the writ of error in this case is prosecuted to reverse that judgment.

G. B. HAYGOOD, for plaintiff in error.

COOPER, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

The Acts giving to masons and carpenters a lien on their work and materials found by them, for building and repairing houses, do not extend to the owners of mills, who furnish lumber.   They must, to entitle themselves to the benefit of the statutes, be actually masons or carpenters, and have contracted in that capacity or character.

In distribution of the steamboat fund in Augusta, decided at Savannah, a short time since, the same rule was applied to machinists.   One of the Schleys supplied a boiler for one of the boats, but not being a machinist, we held that he was not entitled to the lien secured to machinists.   That case was precisely parallel to this.

Let the judgment be affirmed.