35 297
127 257
| 35 297
144 101

## BARKER *v.* BUELL.

MECHANIC'S LIEN.—*Pleading.*—*Complaint.*—Complaint by A. against B., alleging that the defendant and one C. owned certain town lots, and were erecting a new brick building thereon; that the plaintiff sold and delivered to one D., who was a sub-contractor of B. and C., brick to be used in the building, and which were so used, and which were not paid for; that within sixty days after the completion of the building, plaintiff filed in the office of the recorder notice in writing of his intention to hold a lien on the lots and building for the amount due for the brick, which notice was duly recorded, a copy thereof being made part of the complaint; and that C. had sold and conveyed his interest in the lots to B. Prayer that the lien be enforced and the property sold, &c.; the suit being instituted within one year, &c.

*Held,* that the complaint was good on demurrer.

SAME.—To give a person furnishing materials for a new building a right to acquire a lien on the building and real estate, to the extent of the value of the materials furnished, it is not necessary that the materials should be furnished to the owner of the real estate who is erecting the building or to his imme-

diate contractor; but section 647 of the code, as qualified by section 648, gives such right to any person furnishing materials for a new building to a sub-contractor.

SAME.—Section 649 of said act has no application to liens; the notice provided for in said section, to be given to the owner of the property, is in order to fix a personal liability upon the owner, and is not necessary in order to acquire a lien.

APPEAL from the Newton Circuit Court.

WORDEN, J.—Complaint by the appellant against the appellee, alleging, in substance, that on or about the 1st of July, 1869, the defendant and one Gilbert Goff were the owners of certain lots therein described, in the town of Kentland, in said county of Newton, and were then erecting thereon a new brick building; that on the day aforesaid, the plaintiff sold and delivered to one John Burns, who was then and there a sub-contractor of said Buell and Goff, eighty-four thousand and forty-two brick, to be used in the construction of said building, which were used therefor by said sub-contractor, Burns; that the brick were of the value of six dollars and a half per thousand, for which they were sold to Burns, making in all the sum of five hundred and forty-six $\frac{27}{100}$ dollars; that Burns paid thereon the sum of fifty-seven $\frac{43}{100}$ dollars, the residue remaining unpaid; that the building was completed on or about the 1st of September, 1869; that within sixty days thereafter, to wit, on the 1st day of September aforesaid, the plaintiff filed in the office of the recorder of said county notice in writing of his intention to hold a lien upon the lots and building for the amount of his claim as aforesaid, which notice was duly recorded, &c. A copy of the notice is set out and made a part of the complaint, and appears to be in all respects sufficient. The complaint further alleges that on the — day of ———, 1869, the said Gilbert Goff sold and conveyed his interest in said lots to the defendant, Buell, who is now the sole and exclusive owner thereof. Prayer that the plaintiff's lien be enforced, and the property be sold, &c., and for other proper relief. The suit was instituted within a year from the furnishing of the brick and the completion of the building.

Barker *v.* Buell.

A demurrer was sustained to the complaint for the want of a statement of sufficient facts to constitute a cause of action, the plaintiff excepting; and final judgment was rendered for the defendant.

The only question before us is that presented by the ruling of the court on the demurrer.

It is earnestly insisted by the appellee that even if the plaintiff were otherwise entitled to acquire and enforce a lien on the property for brick sold to Burns, the sub-contractor, yet that, inasmuch as he failed to give the defendant notice. as is contemplated by the amended six hundred and forty-ninth section of the statute on the subject (3 Stat. Ind. 335), he has not acquired, and therefore cannot enforce, any lien.

This also seems to have been the view of the court below. The question is not entirely free from difficulty, and must depend upon the construction of the statute on the subject. For the purpose of convenience we here bring together and set out the entire statute on the subject, as amended. The sections not amended are found in 2 G. & H., commencing on page 298; and the amended sections are found in 3 Ind. Stat., commencing on page 335.

"Sec. 647. Mechanics, and all persons performing labor, or furnishing materials for the construction or repair of any building, or who may have furnished any engine or other machinery for any mill, distillery or other manufactory may have a lien separately or jointly upon the building which they may have constructed or repaired, or upon any buildings, mill, distillery, or other manufactury for which they may have furnished materials of any description and on the interest of the owner in the lot or land on which it stands, to the extent of the value of any labor done, or materials furnished, or for both.

"Sec. 648. The provisions of this act shall only extend to work done or materials furnished on new buildings, or to a contract entered into with the owner of any building for repairs, or to the engine or other machinery furnished for any mill, distillery or other manufactory, unless furnished to the

owner of the land on which the same may be situate, and not to any contract made with the tenant, except only to the extent of his interest.

"Sec. 649. Any sub-contractor, journeyman, or laborer employed in the construction or repair, or furnishing materials for any building, may give to the owner thereof, or, if said owner is absent, to his agent in charge of said building or repairs, notice in writing, particularly setting forth the amount of his claim, and services rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer, which may be recovered in an action whenever an amount equal to such claim over other claims having priority shall be due from such owner to the employer; and any sub-contractor, by giving notice as above, setting forth the amount of labor or materials he has engaged to perform or furnish in the construction or repair of such building, shall have the same rights and remedies against said owner for the amount of labor or materials performed or furnished after said notice as are above secured and provided for those who serve notice after the work is performed or materials furnished; and whenever an action is brought against an owner in pursuance of the provisions of this section, all sub-contractors, journeymen and laborers, who have performed labor or furnished materials, and given notices as herein required, may become parties to such action, and, if upon final judgment against such owner the amount recovered and collected shall not be sufficient to pay said claimants in full, the same shall be divided among them *pro rata*.

"Sec. 650. Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his inintention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed;

and the recorder shall record the notice, when presented, in a book to be kept for that purpose, for which he shall receive twenty-five cents; and the liens so created shall relate to the time when the work upon said building or repairs began, and to the time when the person furnishing materials began to furnish the same, and shall have priority over all liens suffered or created thereafter, except other mechanics' and material men's liens, over which there shall be no such priority.

"Sec. 651. Any person having such lien, may enforce the same by filing his complaint in the circuit court or court of common pleas of the county where the work was done or materials furnished, at any time within one year from the completion of the work or furnishing the materials, or if a credit be given, from the expiration of the credit; and the court rendering judgment shall order the sale to be made, and the officers making the sale shall sell the property without any relief whatever from valuation or appraisement laws.

"Sec. 652. In such actions, all persons whose liens are recorded, as herein provided, may be made parties, and issues shall be made up, and trials had, as in other cases; and the court may, by the judgment, direct a sale of the land and building for the satisfaction of the liens and costs; such sale to be without prejudice to the rights of any prior incumbrancer, owner or other persons not parties to the action. If several such actions be brought by different claimants, and be pending at the same time, the court may order them to be consolidated.

"Sec. 653. If the proceeds of the sale be insufficient to pay all the claimants, then the court shall order them to be paid in proportion to the amount due each.

"Sec. 654. In all proceedings commenced under this chapter [article] the defendant may file a written undertaking, with surety, to be approved by the court, to the effect that he will pay the judgments that may be recovered, and

costs, and thereby release his property from the liens hereby created."

It will be seen that the case made by the complaint comes clearly within the provisions of section 647, as qualified by section 648. The brick were furnished and used for a new building. They were not furnished to the owners of the lots who were erecting the building, nor to their immediate contractor. It was not necessary that they should have been. They were furnished to a sub-contractor, and used in the erection of a new building, and this is all that was necessary, according to the terms of those two sections, to give the party furnishing them a right to acquire a lien on the building and lots to the extent of the value of the brick. And the plaintiff having filed in the recorder's office notice of his intention to hold such lien, and caused the same to be recorded, as provided for by section 650, his lien became complete and perfect, and he can enforce it, unless his rights are in some way modified by the other provisions of the statute, or unless something more was required of him in order to perfect his lien.

The entire enactment on this subject must be taken and construed together, and the intention of the legislature arrived at from an examination of each of its parts in connection with all its other parts.

Section 649 provides that any sub-contractor, journeyman or laborer employed in the construction or repair, or furnishing materials for any building, may give notice to the owner, &c., setting forth the amount of his claim and services rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may become due thereafter, from him to the employer, which may be recovered in an action whenever an amount equal to such claim over other claims having priority shall be due from such owner to the employer, &c.

We are of opinion that section 649 has no reference whatever to the subject of liens. It does not determine by whom,

or under what circumstances, a lien may be acquired, or what steps shall be taken to acquire it. It simply provides for fixing a *personal liability* upon the owner of a building under certain circumstances, and to a certain extent, and for enforcing the same by action. There is no allusion in the section to the subject of liens, but, on the contrary, its entire scope and effect, letter and spirit, are confined to personal liabilities, and the mode of fixing and enforcing them by action. It will be seen that the personal liability that can be fixed upon the owner of a building is less extensive than the lien that can be acquired against the property. The personal liability is limited to the amount that may be due, or may become due from the owner to the employer. Moreover, a party, in order to enforce his lien, must file his complaint therefor within one year from the completion of the work, or the furnishing of materials, or, where a credit is given, from the expiration of the credit (sec. 651), while there is no such limitation to the personal action provided for by section 649.

Inasmuch as section 649 has no application whatever to liens, either in respect to the circumstances under which they may be acquired, or to the manner in which they may be acquired or enforced, it follows that the notice therein provided for to the owner of property, in order to fix a personal liability upon him, is not necessary in order to acquire a lien. Section 650 provides for the notice to be given in order to acquire a lien, and none other is required for that purpose.

We are of opinion, on the facts stated in the complaint, that the plaintiff has a lien on the property, and that the demurrer should have been overruled.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

*E. P. Hammond, T. J. Spitler,* and *W. H. Martin,* for appellant.

*R. S. Dwiggins,* for appellee.