THE CITY OF HARRISONVILLE v. PORTER *et al., Appellants.*

1. **Official Bond:** OBLIGATION CONFINED TO EXPRESS TERMS. Under the charter of the city of H. the marshal was required to give bond in a sum not exceeding $2,000 " for the faithful performance of his duties as city marshal." The marshal was also made *ex-officio* collector, and required to give such bond as the city council should direct. A bond for the sum of $3,000, after reciting that one P. had been elected marshal of the city of H., provided that P. should discharge all the duties of said office and should pay over to the proper persons and the city of H. " all moneys and effects to them or her in anywise belonging or pertaining that may come into his hands." P. collected a large amount of city taxes which he failed to pay over. *Held*, that the sureties on this bond were not liable.

2. **The Obligations of Sureties** are strictly construed, and the fact that the bond was for $1,000 in excess of the amount required of the marshal did not extend the liability of the sureties.

*Appeal from Jackson Special Law and Equity Court.*—HON.
R. E. COWAN, Judge.

REVERSED.

*Comingo & Slover* with *Wooldridge & Daniel* for appellants.

The condition of the bond sued on is for the faithful performance by Porter of his duties " as marshal." The obligation of sureties cannot be extended by implication. *Blair v. Ins. Co.*, 10 Mo. 559; *Nolley v. Callaway*, 11 Mo. 447; *St. Louis v. Sickles*, 52 Mo. 122; *State v. Johnson*, 55 Mo. 80; *State v. Dallas*, 72 Mo. 331; *State v. Boon*, 44 Mo. 254; *Miller v. Stewart*, 9 Wheat. 681; *Board Supervisors v. Ehlers*, 45 Wis. 281; *People v. Moon*, 3 Scam. 123 *Commonwealth v. Toms*, 45 Pa. St. 408; *State v. Corey*, 16 Ohio St. 17; *Williams v. Morton*, 38 Me. 52; *U. S. v. Cushman*, 3 Sawyer 424; *Leggett v. Humphreys*, 21 How. 75; *Smith v. U. S.*, 2 Wall. 235.

*R. T. Railey.* and *R. O. Boggess* for respondent.

HOUGH, C. J.—This is a suit on the following bond :
Know all men by these presents, that we, E. B. Porter, as principal, and D. M. McClintock, J. E. Jackson, T. D. Evans, John Angle and John T. Weathers, as securities, are held and firmly bound unto the city of Harrisonville, in the sum of $3,000, for the payment of which, we hereby bind ourselves, and our heirs, executors and administrators. Witness our hands and seals, this 9th day of May, 1877. The condition of the above bond is such, however, that whereas the said E. B. Porter was, on the 1st day of May, 1877, duly elected to the office of marshal of the city of Harrisonville, in the State of Missouri, and has been duly commissioned: Now, therefore, if the said E. B. Porter shall discharge all the duties of said office, according to the laws of the city and State, and shall faithfully and

punctually pay over to the proper persons and the said city of Harrisonville, all moneys and effects to them or her in anywise belonging or pertaining, that may come into his hands, and by his negligence as such official does not—then this obligation'to be void; otherwise to remain in full force and effect.

Said bond, after being duly signed and sealed, by said parties, was approved by the council, June 13th, 1877.

By the 44th section of the charter of the city of Harrisonville, (Acts 1872, p. 373,) the marshal is required to give bond in a sum not exceeding $2,000, for the faithful discharge of his duties as city marshal. By the 45th section, the city marshal is made *ex-officio* collector of the revenue of said city, and is required " to give such bond, with penalty and security conditioned for the faithful performance of his duties in that respect, as the city council may direct." It does not appear that Porter ever gave any bond as collector.

The ordinance of said city, in force at the time of the execution of the bond sued on, and presumptively during his term of office, required the marshal to collect all fines assessed by the mayor, and all costs accruing in the prosecution of any suit, and immediately pay over such costs as may belong to other parties, and at the end of each month to pay over to the city treasurer 'such amounts as he may have collected in warrants or money on account of fines and licenses. It appears from the record that the city tax book was turned over by the proper officer to the marshal, Porter, as *ex-officio* collector, and that he collected a large amount of city taxes, for which, he failed to account; and judgment was rendered in this suit against him and the sureties in the bond sued on, for the amount of the taxes so collected and not paid over.

We are of opinion that the judgment should be reversed. It is well settled that the obligations of sureties are to be strictly construed and their liabilities are not to be extended by implication. The conditions of the bond

sued on plainly relate to duties imposed by ordinance upon the marshal as such, and not to his duties as collector. The bond does not, in any manner, refer to the fact that the principal therein was *ex-officio* collector, nor do the sureties directly, or even inferentially undertake to become responsible for his delinquencies as collector.   The fact that the penalty of the bond is $1,000 in excess of the amount prescribed by the charter, cannot render the sureties liable for the acts of their principal in any other capacity than that of marshal.   Nor can the marshal himself be held liable on this bond for city taxes collected by him. The remedy against him is in a different form of action. The judgment will be reversed.   The other judges concur.