ERATH & FLYNN, Respondents, v. R. K. ALLEN & SON *et al.*, Appellants.

Kansas City Court of Appeals, November 20, 1893.

1. **Principal and Sureties:** STRICT CONSTRUCTION. The obligations of sureties are to be strictly construed and their liabilities are not to be extended by implication; and a statute prescribing their liabilities must be strictly construed.

2. **Construction:** NEBRASKA STATUTE PROVIDING BOND FOR MECHANICS, ETC.: SUBCONTRACTOR. The Nebraska statute requiring county boards to take from contractors erecting public buildings a bond for "the payment of all laborers and mechanics for their labor, etc.," does not include subcontractors, and an action cannot be maintained against the sureties on such bond by a subcontractor for a balance due him from the principal contractor, for material furnished and wages paid to laborers.

2. ———: ———: SUBROGATION. A subcontractor who has paid wages to laborers cannot be subrogated to the rights of such laborers so as to maintain an action on the bond against the sureties thereon, as the statute confers a mere personal privilege or right upon the laborers, which is in no sense assignable.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED.

*B. R. Vineyard* and *Dowe, Johnson & Rusk* for appellants.

(1) Sureties are the favorites of the law. Their obligations are to be strictly construed, and their liabilities are not to be extended by implication. *The*

*City of Harrisonville v. Porter*, 76 Mo. 358; *Blair v. Ins. Co.* 10 Mo. 566. (2) Only laborers and mechanics were protected by the bond in evidence. Plaintiffs were subcontractors, and not laborers or mechanics. The provisions of the bond do not extend to them. *Groves v. Railroad*, 57 Mo. 304; *Avery v. Ionia County*, 39 N. W. Rep. 742; *Duncan v. Bateman*, 23 Ark. 327; *Farmers' Loan and Trust Co. v. Railroad*, 26 N. E. Rep. 785; *Merriman v. Jones*, 44 N. W. Rep. 527; Phillips on Mechanics' Liens [2 Ed.], secs. 36, 41, 44 and 45; *Shields v. Morrow*, 51 Texas, 393; Compiled Statutes of Nebraska, 1889, ch. 54, p. 568, secs. 1 and 2; *Winder v. Caldwell*, 14 Howard, 434. (3) A mechanics' lien is a mere personal right, and is not assignable. Plaintiffs voluntarily paid their laborers, who were protected by the bond, not because of such protection, but because plaintiffs were bound to pay them. They are not subrogated to the rights of said laborers or mechanics under the bond. *Griswold v. Railroad*, 18 Mo. App. 52; *Brown v. Railroad*, 36 Mo. App. 458; *Tewksbury v. Bronson*, 4 N. W. Rep. 749; 2 Jones on Liens, secs. 1493, 1494.

*Crysler, Caskadon & Stearns* and *E. J. Sherlock* for respondents.

(1) As to whether a mechanic's lien is a personal right, or not, never arose in this case, nor is any ruling on such question assigned an error. 97 Mo. 68. (2) As to whether it is assignable, or not, is not presented by the pleadings, nor was it passed on by the court below, nor is it an issue in this case, nor is any action of the court thereon assigned as error. 39 Mo. App. 311. (3) That as to whether the plaintiffs are subrogated to any rights their laborers may have had against the said bond, the appellants say that no question of

subrogation is presented by the pleadings or motions for a new trial, and no such question was ever passed on by the trial court. *Clafflin v. Sylvester*, 99 Mo. 276. (4) The bond sued on sustains the same relation to the laborer, mechanic, material man, contractor or subcontractor in the erection of a public building that the state lien law does to the same persons in ordinary cases. In the erection of a public building there is no lien, but the bond must answer for the shortcomings of the contractor to any person whom he has failed to pay. The case of *Griswold v. Railroad*, 18 Mo. App. 52, and *Brown v. Railroad*, 36 Mo. App. 458, are utterly different from the case at bar, and are no authority in this case. Here the action is founded on a bond given under the provisions of an act to cover a case wherein the lien law does not apply; the action here is to recover an unpaid balance due from a contractor for labor performed on a building to which the lien law does not apply. There is nothing parallel in any of the cases cited under this head with the case at bar.

SMITH, P. J.—This is an action to recover a penalty in a bond. It seems from the record before us that R. K. Allen & Son entered into a written contract with the board of county commissioners of the county of Jefferson, in the state of Nebraska, to do all the work and furnish all the material for the proper construction and completion of a court house and jail building for said county, in accordance with the plans, elevation, sections and detail drawings, and in the manner specified in the specifications, for which the commissioners were to pay Allen & Son $54,800, etc.

The statute of the state of Nebraska, 1891, section 2172, provides: "It shall be the duty of the board of public lands and buildings, boards of county commissioners, the contracting board of officers of all cities and villages and all public boards now or hereafter in

power by law, to enter into a contract for the erecting and finishing, or the repairing of any public building, bridge or other public structure to which the general provisions of the mechanics' lien laws do not apply, and where mechanics and laborers have no lien to secure the payment of their wages, to take from the person or corporation, to whom the contract is awarded, a bond with at least two good and sufficient sureties, conditioned for the payment of all laborers and mechanics for labor that shall be performed in the erecting, furnishing or repairing of the buildings or in performing the contract; said bond shall be to the board awarding the contract; and no contract shall be entered into by such board until the bond herein provided for has been filed with, and approved by, said board. The said bond shall be safely kept by the board making the contract, and may be sued on by any person entitled to the benefit of this act. The action shall be in the name of the party claiming the benefit of the act.''

Accordingly, Allen & Son entered into a bond with the other defendants, Wyeth and Uhlman, as sureties thereon in the sum of $15,000, conditioned as required by the above recited statute.

Afterwards the plaintiffs entered into a written contract under Allen & Son, by which the former agreed to do all the work and furnish all the material for the proper construction and completion of the cut stone and rubble work in said building, in accordance with the plans, elevations, sections and detail drawings of the architect thereof, for $20,100, ninety per cent. of the material furnished and labor performed and permanently put in place to be paid for from time to time as the work progressed on the estimates of the architect, etc.

It appears further that the plaintiffs proceeded to furnish the materials and do the work as they had con-

tracted to do, and received of Allen & Son therefor from time to time payments which in the aggregate amounted to the contract price, less the sum of $1,143, which the plaintiffs claim remained unpaid at the time the said buildings were paid for and accepted by the commissioners. There is some claim made by the defendants that the building was left by plaintiffs in an unfinished condition and that the defendants, Allen & Son, were compelled to finish the same at their own expense. However this may be, the amount of such expense was small and, in the view we shall take of the of the case, is unimportant. The suit is brought on the bond given to the commissioners to recover the amount which Allen & Son were behind with plaintiffs on their subcontract.

In this connection it may be proper to state that during the time the plaintiffs were performing their part of said contract with Allen & Son, they employed themselves in superintending the getting out of the stone and the placing of the same in the buildings, taking sometimes the part of a hand in both getting out and preparing the material and doing the work on the building. The plaintiffs, it appears, paid the laborers and mechanics the wages due on account of the work done by them on the buildings.

The court, against the objections of the defendants, gave for plaintiff an instruction telling the jury that by the terms of the contract read in evidence between Allen & Son and the commissioners in charge of the construction of the court house at Fairbury, Nebraska, it was the duty of said Allen & Son to pay the laborers and mechanics employed on said building for labor performed and services rendered in the construction thereof; that by the terms of the bond read in evidence, the defendants, Uhlman and Wyeth, upon default of Allen & Son to pay laborers and mechanics engaged in

constructing said building, became, and are, liable for all sums due laborers and mechanics engaged in the construction of said building, not exceeding the amount of the balance claimed by plaintiffs in the evidence as the agreed balance due to them; and if you find from the evidence that plaintiffs, as mechanics under their agreement with Allen & Son, necessarily employed laborers to work on the stone work of said building; that defendants, Allen & Son, have been paid in full for the construction of said building; that they have failed to pay the laborers and mechanics employed by plaintiffs in full for the work done by them and services rendered in constructing said building; that plaintiffs, as such mechanics, were compelled to, and did, advance money and pay said laborers the balance due on account of their labor and services rendered, then the jury will find for plaintiffs and against all the defendants for such sum as you find, from the evidence, remains due plaintiffs on account of such labor and services rendered not exceeding the sum of $1,143.58, the amount claimed by plaintiffs, together with six per cent. interest from the date the same was demanded from defendants, Allen & Son.

The court refused to instruct the jury that, under the pleadings and evidence, the jury should find for defendants, Uhlman and Wyeth. The verdict and judgment were against all of the defendants, who have brought the case here by appeal.

Several questions have been discussed in the briefs of counsel in this case, but we shall only consider that of them which we think is decisive of the case, namely, the liability of Wyeth and Uhlman, the sureties on the bond of Allen & Son to the commissioners.

The plain meaning of the statute of Nebraska, already quoted, is that the commissions shall, in cases where *mechanics and laborers* have no lien to secure the

payment of *their wages*, take from the person to whom the contract is awarded a bond with at least two good and sufficient sureties, conditioned for the payment of the wages of all laborers and mechanics for labor performed in erecting the building or performing the contract. The bond in question is not broader or more comprehensive in its scope than the statute provided it should be. The liability of the sureties depends upon the construction of the language of the statute authorizing the bond. The bond, it is seen, is one of indemnity provided by the statute for the benefit of *laborers and mechanics*. If the plaintiffs are persons falling within either or both of these statutory designations, then they are entitled to the benefit of the indemnity.

The obligations of sureties, it has long ago been decided in this state, are to be strictly construed, and their liabilities are not to be extended by implications. *Blair v. Ins. Co.*, 10 Mo. 566; *Harrisonville v. Porter*, 76 Mo. 358. The statute under consideration, as against the sureties on the bond sued upon, must be strictly construed.

It is to be conceded the plaintiffs were the subcontractors of the principal contractors. The former agreed with the latter for a specific amount to furnish the materials and do the work on certain part of the buildings according to the plans and specifications of the architect which were made part of the contract of Allen & Son with the commissioners. The pertinent inquiry now is, whether this statute makes any distinction between a "mechanic" or "laborer" and a "subcontractor," whose undertaking is like that of the plaintiffs in this case. It is very manifest that if the $15,000 indemnity provided by the bond is for the benefit of a subcontractor who furnishes material, as well as performs labor, that in a case like this, where

the material furnished is of larger value, the entire indemnity may be appropriated to his use, and thus preclude the laborers and mechanics who worked on the building by the day for the contractors, or any of their subcontractors, from a participation in its benefits. The bond certainly does not provide any protection for a material man, whether he be or not a laborer or mechanic, who has done work, as well as furnished the material.

But it is insisted that the converse of this is true, that is to say, that a laborer or mechanic, though a subcontractor, furnishing materials, who has performed labor, either in procuring material or in placing and fitting it in the building, is a "mechanic" or "laborer" within the meaning of the statute. But this contention, we think, cannot be sustained, as will appear by reference to some of the adjudged cases construing similar statutes. Section 10 of the statute concerning railroad companies (Wag. Stat. 302) provided that "as often as any contractor, etc., shall be indebted to any *laborer* for thirty days', or any less number of days', labor performed, etc., such laborer," etc. In *Groves v. Railroad*, 57 Mo. 304, it was declared that a construction of the above language could not be made to include those who furnished teams and wagons and *drivers hired by them to haul and deliver stone or other material in the construction of the road.* It was declared further that this statute was intended for these poor laborers, who are dependent upon their own manual labor for their daily support, against the fraud or insolvency of irresponsible contractors, citing *Balch v. Railroad*, 46 N. Y. 551.

*Avery v. Supervisor*, 71 Mich. 538, was a suit by a subcontractor on a bond given under a statute very analogous to the one here. There the requirement of the statute was that the bond taken with security should

be for "the payment by the contractor and all subcon-
tractors for all labor performed or materials furnished,"
etc. The court, in the construction of this statute, say
that the plaintiff did not claim to have entered upon
the work under this contract, in reliance upon the
facts that the bond provided by statute had been given.
The object and purpose of the statute was the protec-
tion of the labor and material man; those who fur-
nished material to be used in building, without reference
to plans and specifications, and furnished either to the
principal contractor or subcontractor and labor done
for either. The subcontractor is an under contractor
—one who takes under the original contract and pre-
sumably with knowledge of the terms and conditions
of the original contract. This bond is not required by
the statute for the protection of that class, but to pro-
tect material men and laborers at the hands of the
contractor and subcontractor.

In Indiana it has been declared that there is
a marked and enforced distinction between subcon-
tractors and laborers. *Farmer L. & T. Co. v. Railroad*,
127 Ind. 250; *Barker v. Buell*, 35 Ind. 297; *Colter v.
Frese*, 45 Ind. 96.

In Georgia, under the acts giving to "masons"
and "carpenters" a lien for their work and materials
found by them, they must, to entitle themselves to the
benefit of the act, have contracted in that capacity.
*Pitts v. Bomar*, 33 Ga. 96.

In harmony with the doctrine of the aboved
referred to cases are *Shields v. Morrow*, 51 Tex. 393;
*Huck v. Gaylord*, 50 Tex. 578; *Duncan v. Bateman*, 23
Ark. 327.

The conclusion to be deduced from these cases is,
that a subcontractor is no more a "mechanic" or
"laborer" than the principal contractor, and that the
beneficial provisions of the statute relied on in this

case cannot be invoked by the plaintiffs. They are subcontractors, and are to be distinguished from the the two classes of persons named in the statute, and for whose benefit alone the statutory indemnity is provided.

And, even though the plaintiffs paid off the laborers and mechanics employed by them in executing their subcontract, there is no principle upon which they can be subrogated to the rights of such laborers and mechanics. The statute conferred a mere personal privilege or right upon them, which was in no sense assignable. *Griswold v. Railroad*, 18 Mo. App. 52; *Brown v. Railroad*, 36 Mo. App. 458; *Tewksbury v. Bronson*, 4 N. W. Rep. 749; Jones on Liens, secs. 1493, 1494.

It, therefore, inevitably follows that the petition not only failed to state a cause of action, but the theory upon which the case was submitted to the jury by the plaintiff's instruction was an erroneous one, and should not have been given. The defendant's instruction in the nature of a demurrer should have been given. The judgment of the circuit court must be reversed. All concur.