THE FIRST NAT. BANK OF DECORAH v. DAY ET AL.

1. **Draft:** RELEASE OF ACCEPTOR RELEASES DRAWER. The release of an acceptor of a draft by the holder, even though it be effected by a mere agreement not to sue, has the effect to release the drawer; but this rule should not be confounded with the rule in respect to a joint maker. (See *Dean v. Newhall*, 8 Tenn., 168.)

2. ――――: RELEASE OF ACCEPTOR: FACTS CONSTITUTING. Where defendants held against V. a demand secured by a mechanic's lien, and they drew a draft on V. in favor of the plaintiff for a part of the demand, which was accepted by V., and plaintiff (erroneously,—See *First Nat. Bank v. Day*, 52 Iowa, 680) regarded the drawing and acceptance of the draft as an assignment to it, *pro tanto*, of the mechanic's lien, and afterwards, in the settlement of litigation between plaintiff and V., plaintiff executed to V. a writing, agreeing never to commence or prosecute any suit against him upon any claim then held by it, but providing that nothing therein should be so construed as to affect its rights in the proceeds of said mechanic's lien, nor the rights of the defendants herein growing out of the claim secured by the lien, and the draft was held by plaintiff at the time of such settlement, *held* that the draft was not a right under the lien, and that V., the acceptor, was released by such settlement from liability on the draft, and that therefore, defendants, the drawers, were also released.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 10.

THE petition contains three counts. In the first, the plaintiff seeks to charge the defendants upon a draft as the drawers thereof. In the second, it seeks to recover the same

amount as for money loaned. On the third, it seeks to recover the same amount upon the alleged ground that the defendants assigned to the plaintiff indebtedness to that amount due from one Valleau, and afterwards collected the indebtedness from Valleau. The plaintiff does not claim to recover more than the amount of the draft.

The defendants admit the drawing of the draft, but they aver, among other things, that the plaintiff released the acceptor; and that, by reason of such release, they were themselves released.

There was a trial without a jury, and judgment was rendered for the defendants. The plaintiff appeals.

*Cooley & Akers*, for appellant.

*Willett & Willett*, for appellees.

ADAMS, J.—The undisputed facts appear to be substantially as follows: The defendants were lumber dealers in the city of Decorah, doing business under the name of Day Bros. As such, they sold lumber to W. H. Valleau for the erection of an elevator at Cresco, and acquired a mechanic's lien thereon. The amount of their account was nearly sixteen hundred dollars. Not being able to realize immediately, and having occasion to use money, they applied to the plaintiff for money, offering to give the plaintiff a draft on Valleau. The offer was accepted. A draft was drawn for the amount desired, to wit, $539.25; the draft was accepted by Valleau, and the money was advanced thereon by the plaintiff to the defendants. The plaintiff regarded the drawing and acceptance of the draft not only as an assignment of that much of the fund due from Valleau to the defendants, and secured by the mechanic's lien, but it regarded the drawing and acceptance as an assignment of the lien itself, to the extent of the draft. Afterwards, the plaintiff became complicated with Valleau in litigation, but finally settled the same; and, as a part of the settlement, executed to him a writing, whereby it

agreed that it would never commence or prosecute any action against him upon any claim then held by it. But it was provided that nothing should be so construed as to affect the rights of the plaintiff in the proceeds of the mechanic's lien upon the Cresco elevator, nor the rights of the Day Bros. growing out of the claim secured by the lien.

At the time of the execution of this writing, the plaintiff held the draft in question, and, by the writing, it precluded itself from maintaining an action thereon against Valleau, unless the draft was excepted from the operation of the writing.

It seems to be conceded that an agreement not to sue has the effect to release a debtor, so far as any personal obligation is concerned. It seems, also, to be conceded that the release of an acceptor of a draft, even though it be effected by a mere agreement not to sue, has the effect to release the drawer. That this is the rule we think cannot be denied. 2 Daniel on Negotiable Instruments, section 1291. This rule should not be confounded with the rule in respect to a joint maker. *Dean v. Newhall,* 8 Tenn., 168.

1. DRAFT: release of acceptor releases drawer

No legal question being presented, we have only to inquire in regard to the construction which should be put upon the writing above referred to. Did it have the effect to preclude the plaintiff from maintaining an action against Valleau upon the draft for the enforcement of a personal obligation? It certainly did, unless the right to enforce such obligation was saved by the words: "Nothing herein shall be construed as in any manner affecting the rights of said bank to the proceeds of mechanic's lien upon the Cresco elevator, nor the rights of the Day Bros." But in our opinion the right to enforce a personal obligation was not saved by such provision. If the intention had been to save such right, the agreement not to prosecute any action against Valleau upon any claim held by plaintiff should have been qualified simply by excepting therefrom the draft in

2. ———: release of acceptor: facts constituting.

question. But the qualification is made to apply to the proceeds of a lien, evincing very clearly, as we think, a design to save the plaintiff's rights in respect to a supposed claim *in rem.*

It is true that, as a matter of fact, the plaintiff had no claim *in rem.* The drawing and acceptance of the draft did not have the effect to carry the lien, though probably the draft was drawn and accepted with reference to the debt secured by the lien. This precise question was decided in *The First National Bank of Decorah v. Day Bros. et al.,* 52 Iowa, 680. But this does not change the fact that the plaintiff thought that it had a right to such lien, or, to use its own language, a right to the proceeds of the lien. Nor do we think that the plaintiff is helped by the provision of the writing, that the rights of Day Bros., growing out of the claim secured by the lien, should not be affected. The intention appears to have been simply that Day Bros. should have the full benefit of that claim, by the enforcement thereof against the elevator. If the intention was that the writing should not affect Day Bros.' liability upon the draft, the parties used very remarkable language to express it. It may be that the plaintiff never thought of Day Bros.' liability being affected; but, if this were conceded, it would only show the more clearly that the qualifying clause of the writing was not designed to refer to it.

Having reached the conclusion that the plaintiff released Valleau as acceptor, and thereby released the defendants as drawers, there appears to be nothing left upon which the plaintiff can recover.

The money advanced was advanced for the draft. The plaintiff was to look to Valleau as the principal debtor. It had a settlement with him of some kind, whereby his liability for this money advanced was settled. The plaintiff stands in the position of having received a consideration of some kind for the money. It cannot now be allowed to collect it from the defendants. There may in fact be a hard-

ship in the case. But, if so, it grows out of the fact that the plaintiff made a mistake in regard to its right to the lien; and, as against the effect of such mistake, the courts are powerless to help it. Many other questions are presented in argument, but the case appears to be fully disposed of by the view above expressed. We think that the plaintiff cannot recover.

AFFIRMED.