S. C. HULL, Appellant, v. JOHN F. HULL, S. H. HULL et al.

**Specific Performance:** ANTE-NUPTIAL CONTRACTS: *Remedy at law.* An action for the specific performance of an ante-nuptial contract, in which the husband promised to convey to his wife all his money and property, will not lie, though it is alleged that defendants other than the husband are in possession of the money, as there is an adequate remedy at law.

*Appeal from Mahaska District Court.*—HON. JOHN T SCOTT, Judge.

FRIDAY, MAY 16, 1902.

THIS is a remarkable action. John F. Hull contracted a matrimonial alliance with plaintiff upon terms singularly disastrous to him pecuniarily, if he can be held bound by them. He lived with her but for the brief period of one month. Within two months following the separation, this suit was brought. There are four other defendants. Two of them are debtors of Hull, and the others are executors of two different estates, in each of which he has a money interest. The original action was in equity, and through it plaintiff seeks to be decreed the owner of all Hull's property of every kind and nature and wheresoever situate. This claim rests upon a contract, which we shall set out in the opinion. There was a general equitable demurrer to the petition, which was sustained. An amendment was

filed by plaintiff, in which she claimed a direct indebtedness to her on the part of the defendants who owed John F. Hull or held property belonging to him.   To this a like demurrer was sustained, and, plaintiff electing to stand on her petition, judgment was rendered against her for costs.   She appeals.—*Affirmed*.

*H. H. Sheriff* for appellant.

*B. W. Preston* for appellees.

WATERMAN, J.—Both plaintiff and Hull had previous matrimonial experience, and were so far advanced in years as that they had adult children.   Perhaps it was age that caused them to overlook the true basis of marriage in contracting this second union.   As plaintiff states her case she married for money.   She says Hull represented himself as wealthy, and agreed, if she would marry him, to convey to her "all the property that he had or would inherit"; and that she relied on this promise, or rather upon the following contract, in which such promise was crystallized into a supposedly enforceable form:   "This contract, made and entered into this 8th day of March, 1900, by and between John F. Hull, party of the first part, and Mrs. S. C. Garner, party of the second part, witnesseth:   That for and in consideration of the party of the second part, marrying the party of the first part, the said party of the first part, gives to the party of the second part all money and property of every kind and description that he now has, or that he may acquire in the future, and all property and money of every kind and description now owned by said party of the first part is this day assigned by the party of the first part to the party of the second part.   The party of the second part agrees to take care of the party of the first part as long as he may live, and provide him with a home.   John F. Hull.   Mrs. S. C. Garner."   (Duly acknowledged.)   The present action is, as

we have said, founded upon this contract, and seeks to divest Hull of his whole estate, which, according to plaintiff's allegation, amounts to several thousand dollars.    The case as presented is somewhat singular.    The original petition sought specific performance of a contract to pay money, for no real estate or special property of any kind is involved.    Such an action will not lie, for there is an adequate remedy at law. *Richmond v. Railroad Co.*, 33 Iowa, 422, 478; *First Nat. Bank v. Day*, 52 Iowa 680.    The amendment charged that the defendants other than plaintiff's husband were indebted to her, and asked "judgment as prayed in her original petition."    The action therefore, still remained one for specific performance, and the grounds were as untenable as in the first instance.    No motion would have lain to transfer to the law docket, for no legal relief was asked.    The demurrers were properly sustained.—AFFIRMED.