S. B. GRISWOLD, Appellant, v. THE CARTHAGE, JOPLIN & SHORT CREEK RAILWAY ET AL., Respondents.

**Kansas City Court of Appeals, May 25, 1885.**

MECHANIC'S LIEN—EFFECT OF ASSIGNMENT OF LIEN CLAIM.—The lien given by the statute to mechanics and material men, is not so far assignable as to enable the assignee to fix a lien on the property sub. ject to lien by compliance with the provisions of the statute. The lien is "a personal right given to the material man or laborer, for his own protection and the right to create it cannot be assigned or transferred." Following *Rollins v. Gross,* 45 N. Y. 766 ; *Roberts v. Fowler* 3 E. D. Smith 635 ; *Brown v. Smith,* 55 Iowa 32 ; *Langan v. Noble,* 55 Iowa 52 ; *Merchant v. Water Power Co,* 54 Iowa 455.

APPEAL from Jasper Circuit Court, HON. M. G. Mc-GREGOR, J.

*Affirmed.*

Statement of case by the court.

The plaintiff's petition stated that one J. D. Hedges, and certain other parties to the number of 20, or thereabouts, did certain work and labor, as day laborers for H. H. Bryne, a sub-contractor, on the line of railroad then being constructed by defendants' railway companies. That for the work and labor so performed, time checks were given said J. D. Hedges, *et al.,* by said H. H. Bryne, showing the amount due. That said time checks were assigned to the plaintiff by the day laborers, during the construction of the railroad. That defendants, Haskell & Anderson, were the original

contractors, and they sub-let to H. H. Bryne. That plaintiff within ninety days after the completion of said work filed in the office of the clerk of the circuit court of Jasper county, a just and true account, etc., etc., alleging a compliance on the part of the plaintiff with the provisions of sections 3,200, *et seq.*, of the Revised Statutes. A lien was asked upon the railroad.

The defendants' companies demurred to the petition on the ground in substance, that a mere right to a lien was not assignable.

The demurrer was sustained and plaintiff appeals.

HARDING & BULLER, for the appellant.

I. The acts giving liens to mechanics and laborers, have always been considered in this state as remedial and entitled to a liberal construction in furtherance of justice and of the objects of their enactment. *Putnam v. Ross,* 46 Mo. 337; *Oster v. Rabenan,* 46 Mo. 595; *De Witt v. Smith,* 63 Mo. 263.

II. The supreme court of this state held in *Jones v. Hurst,* 67 Mo. 568, that the lien was assignable after it was filed on the ground that the lien was an incident to the debt. We cannot see any reason why an assignment of the debt should not carry a right to file and prosecute the lien just as well as merely to prosecute it.

III. The object of the law is to protect the laborers. It would cost more than their claims are worth to file separate claims for each, and it would certainly be beneficial to them and not detrimental to the other party to allow the inchoate lien to follow the claim so they could be consolidated and one suit brought therefor instead of 100, or perhaps 1000.

IV. If the laborer's lien is not assignable with the account, the law is a dead letter, so far as they are concerned, and might as well be repealed. The New York and Wisconsin decisions against the assignability of the lien are based upon the exploded doctrine of a strict construction of the statutes.

PHELPS & BROWN for the respondent.

I. The question is whether the assignment of the debt

carries with it the lien, or vests in the assignee the right by complying with the statute, to subject the property as the assignor might have done? The decisions of the courts answer negatively.

II. In Iowa, whose statute is nearly identical with our own, it was held that a mere inchoate right to a mechanic's lien cannot be assigned, and that such lien passed with an assignment of the debt, only where it had been perfected under the statute. *Brown v. Smith*, 55 Iowa 32; *Merchant v. Water Power Co.*, 54 Iowa 451; *1st Nat. Bank v. Day*, 52 Iowa 680.

III. The statute giving laborers and material men a lien therefor is a personal right for their own personal protection and cannot be assigned or transferred so as to enable the assignee to file a lien in his own name, and the assignment of an account or debt for labor, does not carry with it to the assignee the right to establish a lien. Only such persons as do the work or furnish the materials are entitled to file a claim for and enforce a lien. *Roberts v. Fowler*, 3 E. D. Smith (N. Y.) 632; 12 Illinois 300; *Rollins v. Gross*, 45 N. Y. 766; *Caldwell v. Lawrence*, 10 Wisconsin 273; *Lovett v. Brown*, 40 N. H. 511; *Ruggles v. Walker*, 34 Vermont 468. The rights given by the statute cannot be extended to any person or class not included therein. *Groves v. Kansas City*, 57 Mo. 304; *Balch v. R.R.*, 49 Mo. 526.

IV. The farthest the courts of this state have gone is to say: "After the lien has been filed, the debt may be assigned, and the assignee will then be entitled to the benefit of the lien and may enforce it in his own name. But this court has not decided that the assignee can file a lien in his own name based on debt assigned." 67 Mo. 568; 73 Mo. 688.

Opinion by HALL, J.

The single question presented in this case is, whether the assignment of the time checks to plaintiff transferred to him the right, had by the assignors, to fix a lien upon the defendant company's road bed, by complying with the provisions of the above named sections of the statutes.

This question we answer in the negative. The lien in this case is "a personal right, given to the material man or laborer, for his own protection, and the right to create it cannot be assigned or transferred." *Rollins v. Gross*, 45 N. Y. 766; *Roberts v. Fowler*, 3 E. D. Smith 635; *Brown v. Smith*, 55 Iowa 32; *Langan & Noble v. Sankey*, 55 Iowa 52; *Merchant v. The Ottumwa Water Power Co.*, 54 Iowa 455. "Whether the assignee can file a lien in his own name, based upon the account assigned has not been decided" in this state. *Gerard B. Allen & Co. v. The Frumet Mining and Smelting Company*, 73 Mo. 688.

In this case we follow the authorities above cited, and hold that the assignee cannot file such lien. The judgment of the circuit court is affirmed. All concur.