THOMAS J. BROWN, Plaintiff in Error, v. THE CHICAGO, SANTA FE AND CALIFORNIA RAILWAY COMPANY, Defendant in Error.

Kansas City Court of Appeals, May 20, 1889.

Railroads: LIEN FOR LABOR IN CONSTRUCTING ROADBED: ASSIGNEE OF. The lien given by the statute to laborers who have performed labor upon the roadbed of any railroad in this state is a personal right given the laborer for his own protection and the right to create it can not be assigned or transferred.

*Error to the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Thomas J. Brown*, for plaintiff in error.

(1) The sole question in this case is whether or not the lien given to laborers who have performed labor upon the roadbed of any railroad company in this state by article 4, chapter 47, Revised Statutes, 1879, can be filed by an assignee of such laborer. It is settled law in this state that the lien can be enforced by the assignee after it has been filed by the laborer. At the threshold of this discussion we are confronted with the decision of this question by this court in the negative, in the

case of *Griswold v. Railroad*, 18 Mo. App. 52, and unless it is in conflict with some decision of the supreme court of this state, it must be taken as controlling in this case and decisive of the question. By reference to this case it will be seen that it is based upon the decisions of other state courts, construing statutes of similar import in such states, and upon the absence of any decision on this question in this state, whether or not those statutes are exactly as ours we are not able to say. It will also be seen by reference to the decisions cited by the court in the *Griswold case*, *supra*, that they are based upon the rule that "statutes of this character are in derogation of the common law and must be strictly construed." By adopting this construction this court is directly in conflict with the rule laid down by our supreme court in construing a statue of similar import in the case of *De Witt v. Smith*, 63 Mo. 263. (2) In the case of *Jones v. Hurst*, 67 Mo. 568, it is expressly decided that when the account for the labor has been assigned the lien may be filed by the assignee. In that case, on p. 572, paragraph 2, Judge HOUGH, in delivering the opinion, says: "After the lien was filed, therefore, Embree, as assignee of the debt secured by the lien, although he was at the same time the owner of an accepted draft covering the same debt, had an unquestionable right to enforce the lien in his own name, inasmuch as the draft was payable within the time in which suit was required to be brought to enforce the lien. *Goff v. Papin*, 34 Mo. 177; *McMurray v. Taylor*, 80 Mo. 263; *Ashdown v. Woods*, 31 Mo. 465. And it must be admitted, since the decision of this court in *Goff v. Papin*, *supra*, that if the account against the defendant—that is, the defendant's indebtedness to Embree—had been transferred by Embree to the plaintiff, the plaintiff could have enforced the lien in his own name." This case is squarely in point, and has never been criticised or overruled, and we insist was

binding upon this court when the *Griswold case* was decided. (3) In the case of *Morgan v. Railroad*, 76 Mo. 161, the lien was filed by the assignee and enforced in his own name. There was a general demurrer to the petition that it did not state facts sufficient to constitute a cause of action. The right of the assignee to file a lien was not questioned, either by the learned attorneys for the railroad company or any of the eminent jurists upon the bench, and the case of *De Witt v. Smith, supra*, and the construction of the statute adopted in that case was approved and fully adhered to. As the demurrer in that case raised every question appearing upon the record, and the right of plaintiff, as assignee, to file the lien was not questioned, it must be admitted in this case that the attorneys for defendant in that case, and all of the judges upon the bench admitted the right of an assignee to file the lien, or the point was overlooked by all.

*Gardiner Lathrop*, for defendant in error.

(1) The lien in this case is "a personal right, given to the material man or laborer, for his own protection, and the right to create it can not be assigned or transferred." *Griswold v. Railroad*, 18 Mo. App. 52; *Rollin v. Cross*, 45 N. Y. 766; *Roberts v. Fowler*, 3 E. D. Smith, 635; *Bank v. Day*, 52 Iowa, 680; *Merchant v. Water Power Co.*, 54 Iowa, 451; *Brown v. Smith*, 55 Iowa, 31; *Langan v. Sankey*, 55 Iowa, 52; *Caldwell v. Lawrence*, 10 Wis. 331; *Daubigny v. Duval*, 5 T. R. 604; *Pearsons v. Tinker*, 36 Me. 384; *Ruggles v. Walker*, 34 Vt. 468. (2) Whether an assignee can file a lien in his own name, based upon an assigned account, has never been decided by the supreme court of this state. *Allen & Co. v. Mining & Smelting Co.*, 73 Mo. 688; *Jones v. Hurst*, 67 Mo. 568, 571-2. (3) The statute gives the lien to the person who does the work or labor and furnishes the material, and to no one else. R. S. 1879, chap. 47, art. 4.

SMITH, P. J.—This was an action brought by plaintiff against the defendant in the circuit court of Carroll county to enforce a lien based upon an account for labor performed in the construction of the defendant's roadbed, of which the plaintiff had become the assignee, and as such had filed said lien in conformity with the statute—chapter 47, article 4, Revised Statutes, as was supposed.

The defendant demurred to the petition on the ground that the law gives a lien only to persons performing the labor and rendering the services, and not to the assignee, which was by the court sustained and judgment was rendered accordingly. The defendant brings the case here by writ of error.

I. The single question presented here for our decision is whether, or not, the lien given laborers who have performed labor upon the road bed of any railroad in this state, by the statute, can be filed by the assignee of such laborer.

In *Griswold v. Railway*, 18 Mo. App. 52, which is a case not distinguishable from this in its essential features, we held that a lien under the statute was a personal right given the laborer for his own protection and that the right to create it could not be assigned or transferred, and from that ruling we have seen no reason to depart, especially since it is well sustained by authority. 2 Jones on Liens, secs. 1493–4; *Davis v. Bilsland*, 18 Wall. 659; *Tewksbury v. Bronson*, 48 Wis. 581; *Brown v. Harper*, 4 Oregon, 89; *Rollin v. Cross*, 45 N. Y. 766; *Roberts v. Fowler*, 3 E. D. Smith 635; *First National Bank v. Day*, 52 Iowa, 680; *Merchant v. Water Power Co.*, 54 Iowa, 451; *Brown v. Smith*, 55 Iowa, 31; *Langan v. Sankey*, 55 Iowa, 52; *Caldwell v. Lawrence*, 10 Wis. 331; *Daubigny v. Duval*, 5 T. R. 604; *Pearsons v. Tinker*, 36 Me. 384; *Ruggles v. Walker*, 34 Vt. 468.

The judgment will be affirmed. All concur.