RAY COUNTY SAVINGS BANK, Appellant, v. JAMES I. CRAMER, *et al.*, Respondents.

Kansas City Court of Appeals, November, 1893.

1. **Mechanics' Lien:** BUILDING FOR A RELIGIOUS SCHOOL. A college building erected and maintained by a religious society is not a school building erected in accordance with public law, nor is it exempt upon any grounds of public necessity from seizure and sale under execution, and a mechanics' lien may be enforced against such building.

2. ———: DEBT FROM CONTRACTOR TO LIENOR: PETITION. The petition in this case sufficiently alleges a contract and that a debt is due from the contractor to the plaintiff, and asks judgment therefor.

3. ———: OWNER OF MATERIAL: CHATTEL MORTGAGE: BREACH. Plaintiff took a chattel mortgage from one N. on certain brick, and therein authorized him to sell and deliver same to the defendant contractor to go into the college building and to collect the proceeds and pay the same on the mortgage debt. *Held*, if the mortgage covered the brick, yet until N. made default in the payment of the debt or some other breach of the mortgage, the mortgagee was not entitled to the possession of the brick, nor became their owner so as to enforce a mechanics' lien against the building into which they went.

4. ———: BENEFIT OF LABOR AND MATERIAL-MEN, NOT THEIR CREDITORS OR ASSIGNEES. The mechanics' lien statute was designed for the sole benefit of the laborer or material-man himself, for his own personal protection, and not for his creditors or assignees.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*J. W. Shotwell* for appellant.

(1) The action must be prosecuted in the name of the real party in interest, which in this case is the Ray County Savings Bank. Revised Statutes, Mo. (1889), ch. 33, sec. 1990, art. 1, p. 526. (2) The mechanics' lien in this case could not have been filed or maintained in the name of Charles W. Nicholson, for the reason that Nicholson had parted with his interest in the brick to the Ray County Savings Bank before they were sold and put in the walls of the high school. He had only the right under the mortgage to sell, remove and put in the walls of the building, collect the proceeds and pay them to the bank; all of which he did except to collect and pay over. (3) The mortgage being on record at the time the brick was sold and put in the wall by Nicholson, all persons purchasing said brick were charged with notice thereof, and if plaintiff had not given Nicholson the privilege, in the mortgage, to sell to the high school, collect and pay the proceeds on the note secured, the plaintiff might have maintained an action against the defendant for conversion of its property, it being the real owner at the time of the sale. (4) Plaintiff before and at the time the brick was sold to the contractor, Cramer, and put in the walls of the high school building, was the real owner of the brick and Nicholson was only its agent and servant to sell and put them in the wall as alleged in the petition. Wherefore the legal title being in plaintiff at the time the lien accrued, plaintiff is the real material-man, furnishing the brick and having them put in

the wall and was the only party under the statute who might enforce the lien. (5) Plaintiff is not the mere assignee of Nicholson in the subject matter of this action as argued by defendants. Plaintiff only might enforce the lein, consequently the arguments and authorities cited for the respondents have no application in this case. *Steadman v. Hays, et al.,* 80 Mo. 319. (6) Even though Nicholson may have made the contract for furnishing and putting up the brick in his own name with Contractor Cramer, yet plaintiff may show by parol that Nicholson was its agent and that it was the real owner of the brick. *Bank v. Jennings,* 18 Mo. App. 951; *Snider v. Express Co.,* 77 Mo. 523. (7) The lien is not created by the contract, but by furnishing the material and performing the labor. *Hannon v. Gibson,* 14 Mo. App. 33. (8) The better doctrine now is that the statute relating to mechanics' liens should receive a liberal construction in order to advance the just and beneficent objects in view in their passage. *DeWitt, et al., v. Smith, et al.,* 63 Mo. p 263. (9) Whether plaintiff is the real party in interest is an issuable fact and should be put in issue by the answer and cannot be raised on demurrer. *Nansan v. Jocob,* 93 Mo. 331. (10) A contract made by a party for the benefit of another may be enforced by either party. *Rogers v. Grosnell,* 51 Mo. 466; *Same v. Same,* 58 Mo. 589; *Schuster v. Railroad,* 60 Mo. 290; *Mossman v. Bender,* 80 Mo. 579.

*C. T. Garner & Son, Lavelock, Kirkpatrick & Divelbiss,* for respondents.

(1) The mechanics' lien law only applies to the property of private individuals. 11 R. S. of Mo., sec. 6705; *Dunn v. Railroad,* 24 Mo. 493; *McPheeters v. Bridge Co.,* 28 Mo. 465; *Abercomb v. Ely,* 60 Mo. 23;

*Hastings v. Woods*, 2 Mo. App. 148; *Atascosa Co. v. Angus*, 18 S. W. Rep. 563. (2) The right to perfect a lien on a building for material furnished or labor performed in its erection is a strictly personal privilege. 11 Jones on Liens, secs. 1493, 1494; *Griswold v. Railroad*, 18 Mo. App. 52; *Brown v. Railroad*, 36 Mo. App. 461; *O'Connor v. Railroad*, 111 Mo. 185. (3) If material was sold to contractor no judgment can be obtained enforcing lien against the property until judgment has been rendered against contractor for the debt. 11 McQuillin Pleadings and Practice, sec. 1690; *Wibbing v. Powers* 25 Mo. 599; *Steinkamper v. McManus*, 26 Mo. App. 51; *Steinman v. Strimple*, 29 Mo. App. 478; *Murdock v. Hillyer*, 45 Mo. App. 287; *Crane Co. v. Hanley*, 2 Mo. Legal News, 494.

SMITH, P. J.—This is a suit on a mechanics' lien. The trial court adjudged the plaintiff's petition insufficient on demurrer. It alleged that all of the defendants, except Cramer, were the trustees of the college building and grounds belonging to the Plattsburg district conference of the Missouri conference of the Methodist Episcopal Church, South, situate in Richmond, Ray county; that C. W. Nicholson, as agent for plaintiff, sold and delivered 150,000 brick to defendant, Cramer, the original contractor, for the erection of said college building; that said brick were furnished for and used in the erection of said building belonging to said Methodist conference, situate on certain real estate.

From these allegations it clearly appears that said college building was erected by the defendant, Cramer, under a contract with the other defendants, as trustees, as aforesaid, on real estate, the title of which was in said trustees for said Methodist conference. It is contended that this college building was erected for the public benefit and held, controlled and maintained by a religious society for the good of all, and was in that

sense a public institution, and for that reason the provisions of the statute in relation to mechanics' liens did not extend to said buildings.

Section 6705, Revised Statutes, provides that every mechanic or other person who shall perform any work upon, or furnish any material for, any building, erection or improvements upon any land, under any contract with the owner or proprietor thereof, or his agent, trustee or contractor or sub-contractor, by complying with the provisions of Article 1, Chapter 102, Revised Statutes, shall have a lien for the work done or materials furnished upon such building, erection or improvements. It is believed that the mechanics' lien law was framed with reference to such property as is subject to be sold under execution. The proceeding for the enforcement of mechanics' liens, under its provisions, are in the nature of a proceedings *in rem.* In considering the question of lien the whole remedy, including the right to issue execution, must be considered whether it is the proper remedy in any given case. The lien abstractly is nothing, its consequences everything. If the lien is incapable of practicable results assigned by law, there is no lien. Property, which on grounds of public necessity, is exempt from seizure and sale under execution, is equally exempt from the operation of the mechanics' lien law, unless it appears by the law itself, that property of this description was meant and included. Therefore, under our statute, a mechanics' lien cannot be acquired for work done, or materials furnished towards the erection of the state capitol, or the state university, or state normal school, or a public schoolhouse, or county courthouse, or jail, or other public buildings, erected in accordance with public law.

A college building erected and maintained by a religious society is not a school building erected in accordance with public law, nor is it exempt upon any

grounds of public necessity, from seizure or sale under execution. We can discover no reason, either religious, moral or civil, why a mechanics' lien law does not apply to the erection of a college building belonging to and under the government and supervision of a religious society.

The further objection is made to the petition, that it did not show there were any contractual relations between Cramer, the contractor, and the plaintiff, nor any debt due by Cramer to plaintiff upon which a judgment was asked. It was decided by this court in *Steinkamper v. McManus*, 26 Mo. App. 52, and in several later cases, that there can be no recovery had charging the premises with a lien in such cases, except as an incident to a personal judgment against some one with whom the contract for the work or material was made. But the objection here is not well taken, for the reason the petition not only expressly alleges that Cramer was the contractor and that the brick were sold to him by plaintiff for the building, but it asks for a personal judgment against him as well.

It is lastly contended that the petition does not show a right in plaintiff to perfect a lien on the college building for the brick furnished to Cramer, the contractor. The petition alleges that on the thirtieth of July, 1891, the plaintiff loaned Nicholas a certain sum of money and then took from him a chattel mortgage on the brick in controversy, in which he was authorized to sell and deliver to said college building the said brick and to collect the proceeds and pay the same on the mortgage debt. It is further alleged, that on the tenth day of August, 1891, the said Nicholas, as agent of plaintiff, sold and delivered said brick to Cramer. It is not in terms alleged at what time or who made the contract with Cramer for the sale and delivery of the brick. It may be fairly inferred that Nicholas

made the contract with Cramer before he executed the mortgage. The mortgage, in effect, exempted the brick from its operation, except in so far as it bound Nicholas to pay over the proceeds arising from the sale on the mortgage debt. Even if the mortgage did cover the brick, yet, until Nicholas made default in the payment of the mortgage debt, or until there had been a breach of some condition contained in the mortgage, which is not alleged to have been the fact, the plaintiff, as mortgagee, was not entitled to the possession of such brick. *Brown v. Hawkins,* 54 Mo. App. 75; *Kennedy v. Dodson,* 44 Mo. App. 552; *Bank v. Metcalf,* 29 Mo. App. 391.

There is nothing stated in the petition which shows that the plaintiff had ever acquired the ownership of the brick under the mortgage, or otherwise, or that they were delivered to Cramer by him under a contract for that purpose. It appears that Nicholas had never parted with the title to the brick until their delivery to Cramer.

The statute was designed for the sole benefit of the laborer or material-man for his own personal protection. It cannot be made to do service for those who may have claims against him. It does not give it to his assignees but to the laborer or material-man himself. *Griswold v. Railroad,* 18 Mo. App. 52; *Brown v. Railroad,* 36 Mo. App. 458; *O'Conner v. Railroad,* 111 Mo. 185.

For these reasons, we do not think the plaintiff is entitled to the beneficial provisions of the mechanics' lien law. It results that the judgment of the circuit court will be affirmed. All concur.