Missouri State Highway Commission at the Relation and to the Use of Licking State Bank, Respondent, v. Coopers Construction Company et al., Appellants.*

In the Springfield Court of Appeals. Opinion filed August 31, 1926.

1.—**Pleading.** When no objection is made to the introduction of evidence the petition should be considered as amended to conform to the evidence.

2.—**Appeal and Error—Appellate Practice—Evidence Creating Variance Admitted Without Objection—Appellant Cannot Complain of Such Variance.** In action against road contractor's surety based on alleged assignment of laborers on road, and plaintiff without objection introduced a written assignment from subcontractor instead of laborers, defendant having permitted such evidence to be introduced cannot complain on appeal on ground of variance.

3.—**Assignment—Recital in Assignment Aided by Record as to Amount Held to Make Assignment Definite.**—Recital in assignment by road subcontractor of demand against contractor that consideration therefor was "money already advanced," and existence of assignee's record of amount advanced held to make assignment definite as to amount advanced.

4.—**Highways—Bond of Road Contractor—Subcontractors—Assignee of Subcontractor—Cannot Recover on Statutory Bond of Contractor.** A subcontractor of road work on State road cannot, in view of sections 1041, 7261, Revised Statutes 1919, assign his account or demand against principal contractor so as to confer on assignee right to sue on bond of principal contractor required by section 1040; right of subcontractor as conferred by section 1040 being personal in nature and not assignable.

5.—**Same—Bond of Road Contractor—Subcontractor Could Sue on Bond Although Made to Highway Commission Instead of State.** Although section 1040, Revised Statutes 1919, contemplates that bond of road contractor shall run to State, where bond was made to state highway commission it was good as a common-law bond, and being conditioned as required by such section, subcontractor could sue thereon.

---

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 796, n. 81; Assignments, 5CJ, p. 906, n. 97; Highways, 29CJ, p. 611 n. 39; p. 612, n. 55 New; Pleading, 31Cyc, p. 723, n. 92.

Appeal from the Circuit Court of Texas County.—Hon. W. E. Barton, Judge.

REVERSED.

*Leahy, Saunders & Walther* and *A. L. Anderson* for appellants.

(1)    The demurrer to the evidence should have been sustained for the reason that there was a failure of proof of the cause of action pleaded.    Plaintiff sued as assignee of various laborers and tried to recover as assignee of Johnson, the subcontractor.    A plaintiff cannot sue on one cause of action and recover on another.    Park v. Park, 259 S. W. 417; Rosenberg v. Gen. Accident Fire & Life Assur. Co. 246 S. W. 1009; Huston v. Tyler, 140 Mo. 252; Nave v. Dieckman, 208 S. W. 273; Wesby v. Bower, 58 Mo. App. 419; Clark v. Clark, 59 Mo. App. 532; Lebrecht v. New State Bank of Okla., 199 Mo. App. 642; Duncan v. Gage, 250 S. W. 647; Compton v. Railroad, 147 Mo. App. 414; Goodwin v. Fritsch Foundry Co., 155 Mo. App. 382.    (2)    The assignment relied upon by plaintiff was void on its face and insufficient to support the judgment, there being no amount stated.    5 Corpus Juris 899.    (3)    Even though plaintiff took a valid assignment from Johnson, the subcontractor, it cannot recover on the bond given by the contractor.    If the subcontractor had an action on the bond it was a personal privilege conferred by the law and in no sense assignable.    Erath & Flynn v. Allen & Son, 55 Mo. App. 107; Griswold v. Carthage, etc., Ry. Co., 18 Mo. App. 52; Brown v. The Chicago & S. F. Ry. Co., 36 Mo. App. 458; Ray County Savings Bank v. Cramer, 54 Mo. App. 587; O'Connor v. The Current River Railroad Co., 111 Mo. 185.    (4)    One who loans money to a contractor or subcontractor has no cause of action under the bond provided by sec. 1040, R. S. 1919.    Green v. Ely, 2 Green 508; Weatherby v. Sleeper, 42 Miss. 732; Gaylord v. Loughbridge, 50 Tex. 573; Sweet v. Fresno, 164 Pac. 788; Red River Bank & Trust Co. v. La. Petholithic Co., 142 La. 838; Kern v. Ginry Bros. Wall Paper Co., 153 Pac. 87; First National Bank v. Campbell, 58 S. W. 628.

*Hiett, Lamar & Covert* for respondent.

(1)    The court did not err in not sustaining the appellant's demurrer at the close of all of the testimony in the case.    If the appellant's construction of the petition be correct there was not a total failure to prove the allegations of the petition in its entire scope and meaning.    Sec. 1452, R. S. 1919; Carson v. Quinn, 127 Mo. App. 525; Litton v. Railroad, 111 Mo. App. 140; Brammert v. Kenefick, 161 S. W. 78-82; White v. Gilleland, 93 Mo. App. 310; Cole County v. Trust Co., 302 Mo. 222-247.    (2)    If the appellant's contention that there is a variance between the petition and the proof be correct, yet it will not avail appellants in this case for the reason the appellant made no objection to the introduction of evidence tending to prove

an assignment by the subcontractor to the plaintiff. Chouquette v. Railroad, 152 Mo. 257; Fisher Co. v. Real Estate Co., 159 Mo. 562; Johnson v. Railroad, 211 Mo. App. 564-570; St. Louis Tire Co. v. McKinney, 212 Mo. App. 355-364; Sec. 1272, R. S. 1919. (3) If error was committed by the trial court against the appellants it did not materially affect the merits of the case, hence this court should not reverse the case on the ground of error. Sec. 1513, R. S. 1919. (4) The assignment introduced in evidence is sufficient. It shows the purpose on the part of the subcontractor to assign all of the debt owing to him for work done on the road. It was supported by a valuable consideration and the subject-matter of the assignment was described so as to be identified and no amount need be stated. 5 C. J., par. 64, p. 899; Macklin v. Kinealy, 141 Mo. 113-122; Smith v. Sterritt, 24 Mo. 260-262; Whitless v. Grocer Co., 140 Mo. App. 572-588. (5) The subcontractor upon the failure of the Coopers Company to pay him for the sum he had expended for labor used in the construction of the road had a right of action against the Hartford Company. Secs. 1040, 1041, R. S. 1919; Fogarty v. Davis, 305 Mo. 288. (6) The account the subcontractor had against the Coopers Company for money paid for labor in the building of the road was assignable. Leahy v. Dugdales, Admr., 27 Mo. 437; Johnson County v. Brison, 27 Mo. App. 341; State v. Heckhart, 49 Mo. App. 280-284; Bank v. Casualty Co., 161 Pac. 473; Market Co. v. Coit, 174 Pac. 479; Gilmore v. Westerman, 43 Pac. 345; Goff v. Patin, 49 Mo. 177-180. (7) The payment of the labor claims were not on account of the agreement between the subcontractor and the bank to advance money to pay them extinguished so far as the bond is concerned. Upon their payment by the bank the bank had the same right to purchase an assignment of the claim as any one else. Bank v. Casualty Co., 161 Pac. 473. (8) Upon the failure of the contractor to pay the subcontractor for the money he had expended for labor used in the construction of the road the subcontractor had a right of action against the contractor and his bond. Fogarty v. Davis, 305 Mo. 288, and the assignment by the subcontractor to the plaintiff bank of the amount due him from the contractor for money so expended would operate as an equitable assignment of his right of action against both the contractor and his bond. Bank v. Casualty Co., 161 Pac. 473.

BRADLEY, J.—This is an action on a road contractor's bond. The cause was tried before the court without the aid of a jury, and judgment went for relator and defendants appealed.

We shall refer to relator, the Licking State Bank, as plaintiff. Defendant Coopers Construction Service Company contracted with the state highway commission to do certain road construction on highway No. 7 in Texas county. The construction company gave bond

as required by section 1040, Revised Statutes 1919, with defendant indemnity company as surety. The construction company sublet a certain portion of the work to one Claud Johnson. The subcontractor Johnson became indebted for labor upon the road in the sum of $464.27, and to secure this amount advanced by plaintiff bank he assigned to the bank his claim against the construction company. As assignee of the claim of the subcontractor plaintiff bank seeks in this cause to recover on the bond of the original contractor.

Error is assigned on the refusal of an instruction in the nature of a demurrer at the close of the case.

First, it is contended that plaintiff failed to prove the cause alleged in the petition. It is contended that the petition is based upon an alleged assignment of the laborers upon the road to plaintiff bank, while the proof showed an assignment from the subcontractor and not from the laborers. The petition would perhaps be construed as defendants contend, but the evidence that the assignment was from the subcontractor went in without objection. Plaintiff alleges that Johnson employed many laborers who performed work upon the road; that Johnson and the construction company became indebted to these laborers in the sum of $464.27, and that at the instance of Johnson and the defendant construction company plaintiff advanced said amount to pay the claims of the laborers. Then plaintiff alleges that "said claims were duly assigned . . . to relator."

When no objection is made to the introduction of evidence the petition should be considered as amended to conform to the evidence. [Ehrlich v. Mittelberg, 299 Mo. 284, 252 S. W. 671; State ex inf. v. Gromer, 252 S. W. (Mo. Sup.) 705, 1. c. 707; The Treece State Bank v. Wade et al., 283 S. W. (Mo. App.) 714.] Plaintiff without objection introduced a written assignment which shows on its face to be from the subcontractor and not from the individual laborers. In this situation there is no room for complaint on the ground of variance.

It is also contended that the assignment is void because it specified no certain amount. The assignment recites that the consideration therefor is "money already advanced." The assignment was made July 19, 1924, and prior thereto plaintiff bank had advanced to the subcontractor $464.27 which amount went to pay for the actual labor performed upon the road. The reference in the assignment to money already advanced and the existence in the bank of a record of the amount advanced taken together make it definite as to the amount assigned.

The question of moment is: Can the subcontractor assign his account or demand against the principal contractor and by the assignment confer upon the assignee the right to maintain an action upon the contractor's bond required by section 1040, Revised Statutes 1919, referred to supra? Section 1041, Revised Statutes 1919, spec-

ifies who may sue upon the bond required by section 1040. The statute provides that "every person furnishing material or performing labor, either as individual or as subcontractor" shall have the right to sue upon the bond. Thus we see that the subcontractor is by the statute specifically empowered to maintain a suit upon the bond. The statute contemplates that the bond shall be made to the State. The bond in the cause here was made to the Missouri State Highway Commission. But notwithstanding this the bond is a good common-law bond, and being conditioned as required by the statute, the subcontractor could maintain an action thereon although it runs to the highway commission instead of the State. [Geller, Ward & Hasner Hardware Company v. Trust Company, 234 S. W. (Mo. App.) 1019.]

But there is no authority in the statute for a suit on the bond by the assignee of a subcontractor, and if such right exists it must be found elsewhere then in the statute. In Erath & Flynn v. Allen & Son et al., 55 Mo. App. 107, a Nebraska statute, similar in purpose to our statute, section 1041, was involved. There the suit was sought to be maintained by a subcontractor, but it was held that since the Nebraska statute did not authorize a suit by a subcontractor such suit could not be maintained. In making disposition of the case the court used this language: "And even though the plaintiffs (the subcontractors) paid off the laborers and mechanics employed by them in executing their subcontract, there is no principle upon which they can be subrogated to the rights of such laborers and mechanics. The statute conferred a mere personal privilege or right upon them, which was in no sense assignable." The court was there considering a Nebraska statute, but the principle controlling there is applicable here, and that principle is that the benefits and advantages conferred by this character of statute are personal in their nature and cannot be invoked by any one not named in the statute.

As supporting the principle that the Nebraska statute conferred a mere personal privilege which was not assignable the court in Erath & Flynn v. Allen & Son et al., supra, cited Griswold v. Railroad, 18 Mo. App. 52, and Brown v. Railroad, 36 Mo. App. 458. In these cases it was held that the lien given by section 3200, Revised Statutes 1879, now section 7261, Revised Statutes 1919, concerning certain railroad work, was personal in nature and nonassignable. [See, also, O'Connor v. Railroad, 111 Mo. 185, 20 S. W. 16.] The same rule was applied to a mechanic's lien prior to legislation on the subject. Such lien is personal in nature and was nonassignable prior to authorization by the Legislature which legislation we mention more fully, infra. [Ray County Savings Bank v. Cramer, 54 Mo. App. 587; Benham v. Banker-Edwards Building Company, 60 Mo. App. 34; Ittner v. Hughes, 154 Mo. 55, 55 S. W. 267.] In 1889, by section 6758, Revised Statutes 1889, partial assignment of a mechanic's lien

was provided for. This remained the only provision until 1909 when complete right to assign was conferred by statute. [Laws 1909, p. 661, now sec. 7285, R. S. 1919.] By the Act of 1909, applicable to all liens mentioned in chapter 61, Revised Statutes 1919, it is provided that: "Any person or persons having claims for which they are entitled to liens may assign to any other person or persons all their right, title and interest in and to such claims, and the assignee thereof may file a lien or liens therefor, as provided . . . and may bring suit in his own name and include 'in such suit all claims assigned to him, and enforce such assigned lien or liens as fully as if such claims had been filed by the original claimant."

In many instances a lien is unavailable because of the public nature of the building or thing or place where the labor is performed. Section 1040 comes to the relief of the laborer and subcontractor in such case and in a way the bond there required takes the place of the lien right in other cases. The right to sue upon the bond where a lien will not be allowed is analogous to the right to file and enforce the lien in cases where such lien is allowed. The right to file and enforce a mechanic's lien was not assignable until made so by statute. The statute, section 1041, does not authorize the assignee of a subcontractor to sue upon the bond required by section 1040. There being no statutory provision empowering the assignee of a subcontractor to maintain such suit we hold that such suit cannot be maintained by such assignee. It seems to us that this ruling is inevitable unless we ignore the very analogous rulings respecting the assignment of mechanics' lien accounts prior to the legislation on that subject above referred to.

It follows from our ruling respecting the right of an assignee of a subcontractor to maintain a suit on the bond required by section 1040 that the judgment should be reversed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.