STATE OF MISSOURI at the Relation and to the Use of PARK NATIONAL BANK, a Corporation, v. GLOBE INDEMNITY COMPANY, a Corporation, and RAYMOND L. COMSTOCK, Appellants.—61 S. W. (2d) 733.

Division One, June 12, 1933.*

---

*NOTE: Opinion filed at October Term, 1932, April 20, 1933; motion for rehearing filed; motion overruled at May Term, June 12, 1933.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau, Richard S. Righter* and *Henry W. Fox* for appellants.

*John F. Cell* and *Donald W. Johnson* for respondent; *J. M. Johnson* of counsel.

1092

HYDE, C.—This is a suit upon a notary public's bond. Plaintiff obtained judgment for substantial damages (the amount paid for the mortgage note hereinafter described), from which defendants appealed to the Kansas City Court of Appeals. The Court of Appeals reversed the judgment and remanded the cause with directions to enter a judgment for nominal damages only. [State ex rel. Park National Bank v. Globe Indemnity Co., 29 S. W. (2d) 743.] The Court of Appeals, however, deemed its opinion in conflict with the decision of the Springfield Court of Appeals in the case of Missouri State Highway Commission v. Coopers Construction Service Co., 220 Mo. App. 401, 286 S. W. 736, and certified the cause here under the provisions of Section 6 of the Amendment of 1884 of the Constitution.

Plaintiff's contention was that the loss sued for was occasioned by the notary's action in certifying the acknowledgment of a deed of trust, which was never, in fact, made by the person who purported to sign it, and that no such person even existed. The action was, however, based on the notary's negligence and did not charge him with fraud. The case was heard by the trial court without a jury and special findings of fact were made. These are supported by substantial evidence and are binding here. [Huttig v. Brennan, 328 Mo. 741, 41 S. W. (2d) 1054, and cases cited.] The substance of these findings of fact are stated in the opinion of the Kansas City Court of Appeals as follows:

"The court found that R. L. Comstock was a notary public and that Globe Indemnity Company was the surety upon the notary's bond; that on the 11th day of June, 1924, the notary certified that

he took the acknowledgment of one W. T. Doerr to a deed of trust, purporting to convey all of lot four in Greenview, an addition in Kansas City, Missouri, to one Carl E. Kimpton in trust for one James J. Reamer, to secure a real estate mortgage bond dated June 28,. 1924, in the principal sum of $3,000, payable three years after date to the said Reamer; that the notary negligently and carelessly omitted to faithfully perform his duties as notary public; that W. T. Doerr did not appear before the notary nor execute or acknowledge the deed of trust, and that Doerr was not personally known to the notary. The court further found that John A. Cattanach became the owner of the real estate described in the deed of trust in 1919, and had been the owner of such property ever since; that neither the said John A. Cattanach nor his wife subscribed their names to a warranty deed which had been introduced in evidence and which purported to convey said real estate to W. T. Doerr, but that said deed and the acknowledgment thereof was a forgery.

"The court found that the name of W. T. Doerr was a fictitious name used by some person unknown to the notary; that the Kansas City Title and Trust Company (assignor of relator) relied in part upon the notarial certificate of acknowledgment to the deed of trust, and relying thereon issued a guaranty title policy in the principal sum of $3,000, and that by reason of the falsity of the certificate of acknowledgment on the deed of trust the title company was obliged by the terms of its policy to pay the sum of $3,000 to the holder of the note which the deed of trust purported to secure; that the real estate mortgage bond and deed of trust purporting to secure the payment thereof were worthless, and that the deed of trust did not constitute a valid lien upon the real estate described therein; that there was no such person as W. T. Doerr, and that there was no such person as James J. Reamer."

There was also evidence tending to show that one Joseph E. Lasister forged the warranty deed from Cattanach to Doerr; that he also wrote the signature "W. T. Doerr" on the trust deed; and that he got defendant Comstock to make the certificate of acknowledgment by having someone, impersonating W. T. Doerr, appear before him. It was also intimated Lasister obtained Comstock to make the certificate by inducing him to believe that someone by the name of W. T. Doerr had actually signed it, without anyone actually appearing (the petition alleged an impersonation); but there was no evidence that this happened and Comstock positively testified that a man did come to him (whether accompanied by Lasister or not he failed to remember) and that he thought the man was a boy he had known, ten or fifteen years before, whose name was Doerr. Lasister was engaged in the real estate business and was a customer of the bank, in which Comstock was employed, which was, as assignee

of this cause of action, substituted as relator here in place of the Kansas City Title and Trust Company after that company had made good the loss to the holder of the mortgage note, under its title guaranty policy, and had commenced this suit on the notary's bond. It also appears that the relator Park National Bank obtained the judgment against Lasister for the amount of the loss, which is sought to be collected from Comstock and his surety, but was unable to collect anything on the judgment. The trial court included in its findings of fact a finding that Lasister was insolvent.

One of the principal contentions made by defendants was that the trial court should have sustained its demurrer to the evidence because the cause of action of the Kansas City Title and Trust Company was not assignable. The Court of Appeals held that the cause of action was assignable and it was this holding which it deemed in conflict with the opinion of the Springfield Court of Appeals. Defendants have filed a motion here to retransfer the case to the Kansas City Court of Appeals on the ground that the conflict between the two Courts of Appeal was on a point entirely immaterial to the decision made in the case. Since no judgment whatever against defendants could be rendered, without first holding that the action was assignable, and since the Kansas City Court of Appeals did direct a judgment against defendants, it cannot be said that the decision of the assignability of the cause of action was a moot question, not material to the decision. The motion is therefore overruled.

The theory upon which the trial court allowed plaintiff to recover substantial damages is shown by the hereinafter quoted part of the court's conclusion of law No. 7 and its conclusion of law No. 8:

"No. 7.—The court further finds from the evidence that thereafter the Kansas City Title and Trust Company sold, assigned, transferred and set over unto the Park National Bank all its right, title and interest in and to the cause of action sued on herein, and that the said Park National Bank is now the owner of said cause of action and entitled to recover the loss and damage herein.

"No. 8.—The court finds from the evidence in this case that the proximate cause of the loss and damage herein was the false certificate of acknowledgment endorsed on the deed of trust mentioned in evidence by the defendant, Comstock, that is to say that but for such false certificate of acknowledgment the loss and damage herein would not have happened."

■ ■ The trial court and the Kansas City Court of Appeals correctly held that the right of action on the notary's bond of the Kansas City Title and Trust Company was assignable. The test of assignability of causes of actions, in this State and in most states, is whether or not the cause of action survives to the personal representative. [Snyder v. Wabash, St. Louis & Pacific Ry. Co., 86 Mo.

613; Chouteau v. Broughton, 100 Mo. 406, 13 S. W. 877; Remmers v. Remmers, 217 Mo. 541, 117 S. W. 1117; Beechwood v. Joplin-Pittsburgh Ry. Co., 173 Mo. App. 371, 158 S. W. 868; Brown v. Q., O. & K. C. Ry. Co., 198 Mo. App. 71, 199 S. W. 707; Kissick v. Kissick, 221 Mo. App. 420, 279 S. W. 764; Houston v. Wilhite (Mo. App.), 27 S. W. (2d) 772.] Our statutes providing for survival of tort actions are as follows:

Section 98, Revised Statutes 1929: "For all wrongs done to property rights, or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract. [R. S. 1919, sec. 97.]"

Section 99, Revised Statutes 1929: "The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator. [R. S. 1919, sec. 98.]"

The matter is summed up as follows, in 2 Ruling Case Law, 596, section 3:

"Although at common law no action *ex delicto* in which the appropriate plea was 'not guilty' survived, the early statute of 4 Edw. III, c. 7 gave a remedy to executors for a trespass to the personal estate of their testators, which remedy by equitable construction was extended to administrators, and ultimately gave rise to the principle that choses in action for torts may be assigned, provided they arise from wrongs causing injury to real or personal property, or from frauds, deceits and other torts by which an estate, real or personal, has been injured, diminished, or damaged. This class of assignable choses in action for torts includes rights of action to recover for the wrongful taking and conversion of personal property. The assignability of things in action is now the rule and non-assignability the exception. Practically the only classes of choses in action which are not assignable are those for torts for personal injuries, and for wrongs done to the person, the reputation, or the feelings of the injured party, and those based on contracts of a purely personal nature, such as promises of marriage." [See, also, 5 C. J. 886-90, secs. 52-55.]

It appears that there are perhaps three exceptions to this general statement.

First: A purely statutory right, such as a penalty or forfeiture, conferred on one who belongs to a particular class, and being in the nature of a personal privilege, which no one else may claim or waive, the advantage of which is not intended to be enjoyed by any other,

1096

is not assignable. [See Houston v. Wilhite (Mo. App.), 27 S. W. (2d) 772.]

Second: A right of action for fraud or deceit, in cases in which the wrong is regarded as one to the person rather than an injury affecting the estate or property or as arising out of contract, is generally held unassignable. For a discussion of this rule also see Houston v. Wilhite (Mo. App.), 27 S. W. (2d) 772.

Third: The mere right to file a bill in equity for fraud is generally held non-assignable, where the fraud affects one personally and is not merely incidental to a subsisting substantial property right which has been assigned and which is itself intrinsically susceptible of legal enforcement. [See Monticello Building Corporation v. Monticello Inv. Co., 330 Mo. 1128, 52 S. W. (2d) 545, and authorities cited.] We hold that the Kansas City Court of Appeals was right in holding that the cause of action involved here was assignable, and we disapprove of what was said by the Springfield Court of Appeals on the question of assignability of causes of actions upon bonds in Missouri State Highway Commission v. Coopers Construction Service Co., 220 Mo. App. 401, 286 S. W. 736.

We also hold that the Kansas City Court of Appeals correctly ruled the measure of damages; and that the trial court's conclusion of law No. 8 is erroneous. The facts found by the trial court make only a case of negligence in the performance of official duty. There was, in fact, neither pleading nor proof that the defendant notary was in any way a party to the fraudulent scheme of Lasister. Defendants are liable because, under the finding of the trial court, Comstock erroneously certified that an actual person, known to him to be W. T. Doerr, appeared before him and acknowledged the trust deed. He made this mistake because he failed to require sufficient proof of this man's identity to know him to be the man he claimed to be. Therefore, he is liable and his sureties are liable for any loss which this negligent mistake caused.

Did it cause a loss? The real reason why the holder of the mortgage note could not apply to its payment, the land described in the trust deed as securing it, and thereby lost its money, was not that no man by the name of W. T. Doerr appeared before the notary, or that no such person existed; it was that John A. Cattanach was the owner of the land, upon which the mortgage purported to be a lien, and had not conveyed it to anyone who could make a mortgage which would be an actual lien on it. If the notary had certified that Cattanach had personally appeared before him and acknowledged the trust deed, when he did not do so, then, the notary's act in making an untrue certificate would have been the proximate cause of the loss of the amount secured by it and the notary's bondsmen would have to make it good. [State ex rel. Heitkamp v. Ryland,

163 Mo. 280, 63 S. W. 819; State ex rel. Park National Bank v. Globe Indemnity Co., 29 S. W. (2d) 743, containing an account of other acts of Lasister.] Under those circumstances, the loss would result because the man who had title and purported to convey it, by signing and acknowledging the trust deed, did not in fact do what the notary certified he did, but whose acts would have given validity to the instrument had he actually done what the notary certified he did. Under those circumstances, a false certificate, that the act necessary to make a valid lien had been done by the man by whom it would have to be done, would at least be a concurring proximate cause of a loss, resulting to one who acted in reliance thereon.

Here, the loss resulted, not because the one certified by the notary, as having acknowledged the trust deed, did not do so, but because there was no title which a trust deed, executed and acknowledged by the one purporting to sign it, could convey. If a man, whom the notary personally knew to be W. T. Doerr (or anyone other than Cattanach). had, in this case, appeared before the notary and acknowledged the trust deed, and had his certificate of this man's identity been absolutely true, the trust deed would have been just as worthless as it was and the Kansas City Title and Trust Company would still have lost every dollar it did lose, so far as collecting the debt out of the property, which it thought was its security, is concerned. This trust deed was invalid, not because of the notary's incorrect certificate of acknowledgment, but because one thing absolutely essential to its validity never existed, to-wit: A valid warranty deed from Cattanach. Neither a true certificate could have made this trust deed any more of a lien; nor could a false one make it any less. In other words, had the trust deed been truly the document, it purported to be and what the Kansas City Title and Trust Company thought it was, it would have still been nothing (created no lien), because there was no foundation upon which it could rest (title in Doerr) so as to become anything more than a worthless scrap of paper. ■ The proximate cause of the loss was, therefore, the forgery and deception of Lasister, in making it appear that Cattanach was not the owner of the property, and not the negligent act of the defendant notary, also induced by Lasister's deception, in certifying that a man, who was not the owner of the property and could not convey it, acknowledged the trust deed. Therefore, defendants cannot be required to pay the loss, but since the notary violated the condition of his bond. it is proper to hold him liable for nominal damages. This view is supported by the weight of authority. [State to use of Alexander v. Plass, 58 Mo. App. 148; State ex rel. Mackey v. Thompson, 81 Mo. App. 549; State ex rel. Scruggs v. Packard, 199 Mo. App. 53, 201 S. W. 953; State ex rel. Dominick v. Farmer (Mo. App.), 201 S. W. 955; Brown v. Rives (Cal.), 184 Pac. 32; Governor ex rel. Mlekus

v. Maryland Casualty Co. (Wis.), 213 N. W. 287, 51 A. L. R. 1478, and note, 51 A. L. R. 1483; 49 L. R. A. (N. S.) 50, note; 20 R. C. L. 336, sec. 17; 46 C. J. 526-8, sec. 43; also 9 C. J. 130, sec. 241.]

Relator relies upon State ex rel. Gardner v. Webb, 177 Mo. App. 60, 164 S. W. 184. There, a loan secured by a deed of trust on land was made to one, who had no title to the land, but had forged deeds showing conveyances by the true owners to him. The lender required certain affidavits from the true owners concerning their title. The borrower also forged these affidavits and procured the defendant notary to affix his seal and show that they were sworn to before him. It was held that the notary's false showing as to these affidavits was a concurring cause, with the forgery of the deeds, of the lender's loss. If the defendant notary here had signed a statement showing that Cattanach, the real owner of the land upon which the loan in this case was made, had appeared before him and signed an instrument purporting to give validity to the forged warranty deed to Doerr, we would have the same situation here. If that were true, the Webb case would be authority for holding defendants liable on the theory that such act was a concurring cause of the loss, with the forgery of the Cattanach warranty deed. It is not authority for holding defendants liable under the facts actually found to exist in this case. The contentions of defendant, that plaintiff's petition did not state a cause of action, are ruled by what we have said herein.

The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment for plaintiff for the amount of the bond to be satisfied upon the payment to the Park National Bank of one cent and costs. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All of the judges concur.

*NOTE: Opinion filed at October Term, 1932, April 20, 1933; motion for rehearing filed; motion overruled at May Term, June 12, 1933.