## KERIGAN v. MASSACHUSETTS BOND-ING & INSURANCE CO.

### No. 340.

District Court, W. D. Missouri,
Central Division.

Oct. 28, 1947.

C. W. Prince, of Kansas City, Mo., for plaintiff.

Madden, Freeman, Madden & Burke and Wm. K. Atwood, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

This case was removed by the defendant on the ground that the plaintiff was not the real party in interest and although a resident of the same state with the defendant yet he was debarred the right to bring suit because, (a) the claim being one in tort, was fraudulently assigned to him to defeat the jurisdiction of the federal court, and (b) that the claim was of such a personal nature as not to be assignable under the law.

1. The claim, as stated, is for fraud and deceit, in this, that the plaintiff's assignor and beneficiary in the action was deceived by the defendant and others in connection with a real estate transaction in Kansas City, Missouri.

The rule is that an action for fraud and deceit is assignable for the reason that it would survive to the personal representative of the victim. Beall v. Farmers' Exchange Bank, Mo.Sup., 76 S.W.2d 1098; Snyder v. Wabash, St. Louis & Pacific Railway Co., 86 Mo. 613; Dean v. Chandler, 44 Mo.App. 338; State ex rel.

Park Nat. Bank v. Globe Indemnity Co., 332 Mo. 1089, loc. cit. 1095, 61 S.W.2d 733. And the fact that the plaintiff claims punitive damages would not prevent the action for actual damages. The purpose of punitive damages is to inflict punishment as an example and a deterrent to similar conduct. If this right is not assignable, the plaintiff would be denied recovery for punitive damages.

2. Since, under the authorities as above cited, the claim even though for fraud and deceit was assignable and the assignee was entitled to bring suit, no fraud was perpetrated upon the jurisdiction of this court when the owner of the chose in action did what he had a right to do.

3. Furthermore, by Section 850, R. S.Mo.1939, Mo.R.S.A., the plaintiff, as the trustee of an express trust, was entitled to "sue in his own name without joining with him the person for whose benefit the suit is prosecuted." And in such case his residence would be controlling in the matter of jurisdiction.

The state court denied removal. However, under the law, the defendant had a right to bring the record here, which it did. The case should be remanded to the state court from which removed. Such an order will be made.