STATE of Missouri at the relation of John A. WATKINS, Plaintiff-Appellant,

v.

TRANS–AMERICA INSURANCE CO., Defendant-Respondent.

No. 24748.

Kansas City Court of Appeals, Missouri.

April 6, 1970.

John A. Watkins, Kansas City, for plaintiff-appellant.

Donald G. Stubbs, Robert J. Mann, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for defendant-respondent.

MAUGHMER, Commissioner.

This case came to the writer recently on a reassignment. It is a suit against the surety on the official bond of a notary public. The court sustained defendant's motion to dismiss the petition for failure to state a cause of action and plaintiff has appealed. On the appeal from that ruling we assume as true all properly pleaded factual allegations of the petition.

Irma M. Roberts on April 5, 1965, was commissioned as a notary public within and for the County of Jackson, in the State of Missouri, for a term of four years. Mrs. Roberts as principal, and the defendant Trans-America Insurance Company, a California corporation doing business in Missouri, as surety, entered into a performance bond payable to the State of Missouri in the principal sum of $5,000.00, conditioned upon the "faithful performance" by her of the duties of the office of notary public. She took the required oath and entered upon the duties of the office. Irma M. Roberts was at all times herein mentioned, the wife of one Billy D. Roberts, who was the defendant in a lawsuit pending in the Circuit Court of Jackson County, Missouri, being case No. 646890. On or about the _____ day of September, 1966, judgment had been entered against him in that cause and immediately thereafter he had filed a motion for new trial.

On September 21, 1966, while Mr. Roberts' motion for new trial was pending, Mrs. Roberts wrote up what purported to be the written statement of one "Donna Sidener, formerly Donna Beemer," notarized it, and filed the document in the Jackson County Circuit Court in support of her husband's motion for new trial. This statement was designated as Exhibit A, and was filed as

a part of plaintiff's petition. We set it forth in full:

"AFFIDAVIT

STATE OF MO.
COUNTY OF JACKSON Sept. 21, 1966

I, Donna Sidener, formally (sic) Donna Beemer, want to retract my statement made under oath Sept. 12, 1966, at the county court house. I am making this statement now before a witness and of my own free will and accord.

In the fall of 1962, I was employed as a baby sitter in the home of Ronald Jenkins. Mr. Jenkins had a race car in his garage. He told me some one was going to pick it up. He also told me he owed Mr. Roberts some money. I wondered why he was telling me this. I was supposed to call him when the car was picked up. About a week later, a man, I did not know came to the door and said he was taking the race car. I saw a truck in the drive. It was light blue, or green, I'm not sure. There were two other men in the truck. I did not recognize them. When they left, Alvin Jen-kins called his father and told him the truck was gone.

Later, Mr. Jenkins told me it was a blue truck with Little Roberts on the side and Bill Roberts picked the car up. He told me later, Bill Roberts said he picked up the car, so I believed all this to be true. I thought everything was settled until this month.

Mr. Jenkins's lawyer, John Watkins, came to me and told me he was going to court over the race car and I had to testify. I told him I couldn't remember anything and didn't want to go. He said I had to testify. He told me again it was a tow truck with Little Roberts name on the side and Bill Roberts in it. He told my husband he was going to try and get $300.00 from Mr. Roberts in court. I only did what I thought was right after Mr. Jenkins and his lawyer talked to me.

The first time I saw picture of tow truck was the day in court. I told lawyer I was not sure.

I am hard of hearing and could not hear the lawyers very much. I did not mean to make any false statements.

(Two pages.)

Subscribed and sworn

to before me Sept. 21, 1966.

Notary–Irma M. Robert(s)

Wittness (sic)–Mary Jane Simpson–629 S. Ash
Indep. Mo.

(FILED: October 12, 1966)"

/s/ Donna Sidener
714 N. Main, Indep.

---

Plaintiff's petition by paragraphs 8 and 9, which we now incorporate in toto, sets forth his theory of liability in this suit:

"8. Plaintiff states that Irma M. Roberts intended by the language of the aforesaid purported affidavit to cast aspersions on the professional reputation and ethics of the relator, John A. Watkins, by inferring that Donna Sidener was induced by relator, John A. Watkins, to testify falsely in the aforesaid Circuit Court Case No. 646,890.

"9. Plaintiff states that as a direct result of the breach by Irma M. Roberts of her duty and oath as Notary Public, relator, John A. Watkins, was forced to defend and protect his professional reputation in a court of law and has had his professional reputation among the members of the Bench

and Bar of the State of Missouri impaired to his damage in the sum of FIVE THOUSAND AND NO/100 DOLLARS ($5,-000.00)."

We are told by plaintiff's brief that in the case of Ronald A. Jenkins v. Billy D. Roberts, No. 646890 in the Circuit Court, and No. 24740 in the Kansas City Court of Appeals, there was a verdict and judgment against Mr. Roberts for conversion by him of a racing car owned by Mr. Jenkins, and that Mr. John A. Watkins, the plaintiff-appellant here, was the attorney for Mr. Jenkins in that lawsuit against Mr. Roberts. We assume such are the facts and that the Sidener affidavit was filed in support of defendant Roberts' motion for new trial.

Plaintiff alleges that (1) Donna Sidener had not sworn to the affidavit, (2) that the facts set forth therein were false, and (3) Irma M. Roberts intended by the language of the affidavit and by the filing of it in court to "cast aspersions on the professional reputation and ethics of the relator, John A. Watkins, by inferring that Donna Sidener was induced by relator, John A. Watkins, to testify falsely in the aforesaid * * * case."

It is apparently plaintiff's theory that Mrs. Roberts induced Donna Sidener to sign the affidavit, that its contents were false, it was published by filing in the Jenkins suit and was libelous as to the plaintiff. The affidavit made the following and only the following statements concerning Mr. Watkins, the plaintiff in our case:

1. "Mr. Jenkins's lawyer, John Watkins, came to me and told me he was going to court over the race car and I had to testify." Be it true or false, we find nothing libelous in this statement.

2. "I told him I couldn't remember anything and didn't want to go." There is no libel here.

3. "He said I had to testify." Of course she had to testify, if subpoenaed.

4. "He told me it was a tow truck with Little Roberts name on the side and Bill Roberts in it. He told my husband he was going to try and get $300.00 from Mr. Roberts in court." There is no libel in these two sentences.

5. "I only did what I thought was right after Mr. Jenkins and his lawyer talked to me. * * * I did not mean to make any false statements." Again we find no libel.

It is not disputed but that Donna Sidener signed the statement or affidavit which we have referred to as Exhibit A. It indicates on its face that the signature was witnessed by one Mary Jane Simpson who is not otherwise referred to herein. Plaintiff does not allege that the statements, or any of them attributed to him in the Sidener affidavit, are untrue. He does not allege any publication of the alleged libelous matter except that it was filed in support of the motion for new trial in the Jenkins-Roberts suit.

■ The alleged libelous material is certainly not libelous per se. Plaintiff does not allege that it is. In fact, he concedes that it is not, by asserting that libel arose because "Irma M. Roberts intended * * * to cast aspersions * * * by inferring that Donna Sidener was induced * * * to testify falsely." A statement that is not libelous per se may nevertheless be libelous if a "reasonable and natural construction" makes it likely to be so understood. If, however, it takes a "forced and unnatural construction" to find libel, it is not there as a matter of law. The case of Bernhardt v. Armbruster et al., Mo.App., 217 S.W.2d 759, 763, 764, involved a school board election. The ballots were counted at the place of election and the count showed that the proposition was defeated. One of the clerks and one of the election judges made and published an affidavit alleging that the other election officials took the ballots home, later conducted a second count, which recount showed that the bond issue

had carried. The election officials who made the recount sued the affiants for libel and had a judgment. The appellate court reversed, saying:

"The petition did not state a cause of action, in that the affidavit in and of itself was not libelous, and the innuendo places a strained and unwarranted meaning on the contents thereof, and defendants' motion to dismiss should have been sustained."

We believe this quoted comment is applicable to the contents of the affidavit relied upon by the plaintiff in our case. In our opinion it would require a "forced and unnatural construction" of the wordage in the affidavit to conclude it "cast aspersions on plaintiff * * * by inferring that Donna Sidener was induced * * * to testify falsely." On this basis it was not error to dismiss the petition.

Plaintiff relies on State ex rel. Park National Bank v. Globe Indemnity Co. et al., 332 Mo. 1089, 61 S.W.2d 733, where the notary erroneously certified that Mr. Doerr (to him known to be a fictitious person) was known to him to be the real Mr. Doerr and acknowedged the deed. It was ruled the surety was liable. Plaintiff also invites our attention to State of Missouri ex rel. & to Use of Koste v. Maryland Casualty Company, Mo., 344 S.W.2d 55. In this case the notary, a used car dealer, sold an automobile which he did not own, and affixed his jurat to a false affidavit for transfer of title. Here too, the surety was held liable. We do not believe either of these cases control or is directly in point as to the issues in the case before us. State ex rel. Nelson v. Hammett et al., 240 Mo.App. 307, 203 S.W.

2d 115, contains a lengthy discussion of the requirements necessary in order to establish liability against a notary public's surety. There the notary, a lawyer, by undue influence induced his client, an elderly widow, to deed her real estate to him. He notarized the deeds.

If the contents of the affidavit in the instant case were determined to be libelous then we would be required to determine (1) if the surety was also liable, and (2) if the filing of the affidavit in another civil suit in support of a motion for new trial, made it privileged. However, such further discussion on these points seems unnecessary since it is clear to us that the contents of the purported affidavit about which plaintiff complains are not libelous per se, nor can such contents be considered libelous under any "reasonable and natural construction". Therefore, the surety, the only named defendant in the suit before us, is not liable and the court did not err in sustaining defendant's motion to dismiss the petition.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

HOWARD and CROSS, JJ., and JOHN M. CAVE, Special Judge, concur.

SHANGLER, P. J., not participating because not a member of the Court when case was submitted.